WILLIAM LOWE, Guardian, &c. *v.* J. W. BARNETT, Adm'r, &c.

WILLS : VESTED LEGACY : PROVISION TO KEEP PROPERTY TOGETHER MATERIAL: CASE IN JUDGMENT.—The testator directed all his property to be kept in the hands of his executors, until his youngest child should arrive at full age or marry, but allowing each of his children to have his or her portion upon his or her becoming of age ; that his executors should cultivate his plantation, and apply the nett profits, after paying plantation expenses, and the clothing and education of his children, in the purchase of such other property as the " wants of his plantation should require;" and that, when his youngest child should arrive at full age or marry, " an equal division of all his property, real and personal, should be given to each of his children and his wife, allowing her a child's part of everything he should then own." He then appointed his wife and brother executrix and executor, and enjoined " on them the faithful care and protection" of his five children. The widow and brother of testator refused to qualify as executrix and executor, and an administrator *c. t. a.* was appointed. The widow married a second husband, and had issue, one child, and died; and before the youngest child of testator arrived at full age or married, her said child by the second marriage petitioned for distribution of her share in the estate. It was held :

　　1st. That a vested estate was given to the children of testator, to be enjoyed in severalty, *in futuro.*

　　2d. That as the widow, as executrix, was charged with the care and protection of the children, and as no other means for her support were provided to enable her to discharge this duty, she was entitled to be maintained out of the profits of the plantation, and that she had a vested interest in the devise and bequest to her, but which could only be enjoyed by her in severalty, when the youngest child arrived at full age or married.

　　3d. That the direction in the will, to keep the property together, was not formal, but material, and could be executed by the administrator *c. t. a. ;*

and hence, after the death of the widow, no distribution of her share could be made until the happening of the contingency mentioned in the will.

APPEAL from the Court of Probates of Yazoo county. Hon. Robert Bowman, judge.

*W. H. Bishop*, for appellant,

Contended, that it was clear that the widow had no vested interest in the estate; that this had been expressly settled by the case of *Scott* v. *James*, 3 How. 307; and *Wade* v. *Grimes*, 7 Id. 425. That the special acts required of her and the brother of decedent to perform, were powers conferred upon them personally; that those powers could more properly be exercised by a guardian than executors, and especially by an administrator, with the will annexed; that an administrator, with the will annexed, has no authority to exercise such powers; and that public policy and immediate necessity will avoid and overrule an intention to tie up the property of an adult for years, in the hands of an executor or administrator.

*Hamer* and *Henderson*, for appellees.

1. When there is no ambiguity in the language of a will, we cannot resort to construction to ascertain the meaning of the testator. Here the language is plain, and the intention clear. The testator directs his property to be kept together in the hands of the executors, until his youngest child becomes of age or marries, but giving to each of his children a right to withdraw his portion, when he shall arrive at full age. Nothing is said, in this clause, in relation to the rights of the widow. Next, he provides, that the profits of the plantation, after paying necessary plantation expenses, and the clothing and education of the children, shall be invested in other property. This is a clear exclusion of the widow from any participation in the profits. The widow's whole claim is based on this clause: "It is my will, that when my youngest child becomes of age or marries, that an equal division of all my effects, real and personal, be given to each of my children and wife, allowing her a child's part of everything I shall then own." The future time is here clearly annexed to the gift, and not to the term of its enjoy-

Lowe v. Barnett, Admr.

ment.    See 1 Jarm. on Wills, 759, 762; *Ferson* v. *Dodge*, 23 Pick. 287.

2. But if we are mistaken in this, still it is clear, that no distribution can be made, until the youngest child becomes of age or marries. The provision in the will, directing the property to be kept together, is exactly similar to the provision on the same subject, in the will of Whitehead, which was construed by this court, in *Shipp* v. *Wheeless*, 33 Miss. R. 646, in accordance with our position; and we rely upon that case, as a conclusive settlement of the second ground of demurrer in our favor.

HANDY, J., delivered the opinion of the court.

This was a petition filed in the Court of Probates of Yazoo county, by the guardian of Francis M. Lowe, seeking to recover the share of his deceased mother in the personal estate of Hiram Hagan, deceased, who died leaving a will, by which, it is alleged, he bequeathed his estate to his widow and children. The widow subsequently married a second husband, and died leaving Francis M. Lowe, her only child of that marriage, and the petition is filed in his behalf to recover her interest claimed under the will.

The claim of the petitioner depends upon the provisions of the will, which are as follows : "It is my wish that all of my property of all kinds be kept in the hands of my executors, to be hereinafter named, until all my children become of age, at the same time allowing to each one, as he or she becomes of age, to withdraw his or her portion. It is also further my wish, that my executors shall continue to cultivate my lands with the negroes I now own, and the proceeds of the crops, after paying all necessary expenses of the plantation and the clothing and education of my children, to be applied to the purchase of negroes and such other property as the wants of my farm may require. It is also my further wish and desire, that when my youngest child becomes of age, or marries, that an equal division of all my effects, real and personal, be given to each of my children and wife, allowing her a child's part of everything I shall then own." His wife and brother are then requested to act as executors, and he " enjoins on them the faithful care and protection of his children," who were five in number. No division of the property was made, nor apportionment of the share of any

·of the children, during the life of the widow; but since her death, the portion of one of them has been allotted. It does not appear by the petition that any of the children have become of age or married. The widow and brother did not qualify as executors, and letters of administration were granted to James W. Barnett, the appellee.

The administrator and distributees demurred to the petition, and the demurrer was sustained and the petition dismissed; from which decree this appeal is taken.

The first ground of demurrer is, that the interest left to the testator's widow was entirely contingent, and to take effect only upon his youngest child coming of age or marrying; and as she died before that contingency took place, no vested interest in the estate passed to her by the will. And this raises the question whether, by the language of the will, any interest in the estate was intended to be bequeathed to the widow at the testator's death, to take effect in possession and enjoyment when the estate should be divided between her and the children upon the contingency specified. We consider it clear from the several clauses of the will, that this is its true construction. First, all the property was to be kept in the hands of the executors, of whom the widow was one, until all the children became of age,—the plantation was to be carried on, and the children clothed and educated out of the proceeds; secondly, when the youngest child became of age or married, an equal division of all the ·property was to be made between the widow and children, allowing her a child's part; thirdly, each child was allowed to withdraw his portion on coming of age. No express provision is made for the support of the widow whilst the property was to be kept together and before the final division. But it is plain that it was contemplated by the testator that she should receive such support; for she was charged with the care and management of the children, which, having no other means of support, she could not have done, unless the means of support had been supplied her from her husband's estate. Being the natural guardian of the children, and being specially intrusted by him with their care, an intention that she must receive a support from his estate in the meantime, is clearly implied from her circumstances and situation. She therefore occupies the same situation as to interest in the property before the

final division, that the children occupied; and it is very clear, that they took a present interest at the testator's death, to vest in possession upon the division; for it is provided that they are to be clothed and educated by means of the property.

The provision of the will is, that upon the youngest child becoming of age or marrying, the estate was to be divided,—an "equal division" was to be made between the widow and children, she receiving a child's part. This language is equivalent to the words "to be paid" at a future day or upon a contingency; which are held to denote an intention to confer a present interest, but to be enjoyed upon the happening of the contingency. The spirit of the will clearly is, that an interest was to vest in the widow at the testator's death; but as she was to have the charge of the children, it was not to be enjoyed by her in severalty, until the youngest child, who was committed to her care, became of age or married; and then she was to be "allowed" "a child's part,"—thereby placing her upon the same footing as to her interest and share in the estate as the children. Any other construction than this would do violence to the language employed, and to what must be presumed to be the intention of the testator from the circumstances and situation of the widow. And if the children took a vested interest at the death of the testator—as it is very clear they did—it is manifest from the language and spirit of the will, that the widow also took a vested interest at that time. Scott et al. v. James, 3 How. 307; Wade v. Grimes, 7 Ib. 425.

The decree is, therefore, not maintainable on this ground of demurrer.

The second ground of demurrer is, that it is not shown by the petition that the youngest child had become of age or married; and without that, that the widow was not entitled to possession of her interest in the estate.

This would appear to be the manifest result of the provisions of the will, as above stated. The intention to defer the apportionment of the interest of the widow until the youngest child should become of age or marry, is too clearly stated in the will to be mistaken. That the keeping of the property together until one or the other of these events should take place, was a trust intended by the testator to be performed specially by his executors named

in the will, does not the less make it an express and positive condition to the division of the property between the parties to whom it is bequeathed, according to the terms specified; nor authorize the court to disregard the plain disposition of the property by the testator, because the persons who were expected to manage the property did not take upon themselves the office of executors. For these conditions, as to the division of the property, are limitations upon the estate, which must attach to it, and cannot be disregarded, though the execution of the will was committed to a person not named in it. The children had the right to insist that the property should be kept together, according to the terms of the will; and for aught that is shown in the petition, there is nothing to justify the court in disregarding this purpose of the testator so plainly manifested. Certainly, the necessities of the ward of the petitioner, a person not within the contemplation of the testator, will not justify the court in making a division of the estate in opposition to the terms of the will, and in interfering with the rights and interests therein specified. Upon this point, the case is within the principle of *Shipp* v. *Wheeless*, 33 Miss. 646; and on this ground of demurrer the petition was properly dismissed.

Decree affirmed.