Eberhardt v. The Pennsylvania Company.

---

MAX EBERHARDT ET AL.

v.

THE PENNSYLVANIA COMPANY.

1. CHANCERY JURISDICTION—JUSTICES' COURTS.—The court of chancery possesses no legal supremacy over justices' courts, and can award no writs in the nature of a writ of prohibition upon the actions of such courts. When a case is made, calling for the exercise of its equitable jurisdiction, the court of chancery may enjoin the action of the party to a suit at law, but not the court.

2. GROUND FOR INTERFERENCE OF EQUITY COURT.—Where the ground alleged in a bill to enjoin the justice and the party to the suit was that appellee had not been paid or tendered its statutory fee and mileage ($1.10) upon the service of the original attachment writ, although it had been paid the statutory fee and mileage upon the service of the garnishment summons. *Held*, that the bill is insufficient to warrant any interference by a court of equity with the party to the suit at law. It does not set forth any equitable circumstances or any injury, remediless at law. In the opinion of the court, the case is frivolous.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed November 11, 1884.

The appellant, Eberhardt, being a justice of the peace, duly issued, February 21, 1884, a writ of attachment in favor of Mary Casey, against the personal estate of John Casey, in the usual form, upon a debt of $38.83 for board, which writ was delivered to a constable to execute, and who, February 21, 1884, returned the same, that he found no property to attach; that he had served it upon John Casey by reading it to him, and that by order of plaintiff he had summoned The Pennsylvania Company as garnishee. February 26, 1884, the justice duly rendered a judgment against John Casey for the above sum; whereupon said justice, on the same day, issued a garnishee summons in favor of said Mary Casey, in due form, to said Pennsylvania Company, to appear before said justice March 3, 1884, at his office, at 9 o'clock, A. M., to answer upon oath, etc.; which summons was duly served on said company on the same day, and the statutory fee paid to it by the constable, and return thereof properly made. Before the return day and March 1, 1884, the Pennsylvania Company filed a bill in equity in the Superior Court, against said justice and Mary Casey, to enjoin the latter and the justice from taking any further steps upon said garnishee process, on the sole ground that the constable had not paid to said company the one dollar fee and mileage when he summoned it under the original attachment writ. No equitable circumstances were set out or anything beyond the mere fact of not paying said fee, to show that an unfair use of said justice's court was being made or that said company would be prejudiced by a judgment against it. A temporary injunction was issued and served. The defendants answered the bill setting up want of equity, and that the court of equity had no jurisdiction. The court upon the hearing rendered a decree making such temporary injunction perpetual, and the defendants appealed to this court.

Messrs. KRAUS & MAYER, for appellants; that appellee having an ample remedy at law, equity will not interfere, cited 1 High on Injunctions, § 230; 2 Story's Equity Jurisprudence, § 898; Crandall v. Bacon, 20 Wis. 639; Stokes v. Knarr, 11 Wis. 389; Secor v. Woodward, 8 Ala. 500.

Eberhardt v. The Pennsylvania Company.

Notwithstanding an alleged want of service, a court of equity will not interfere to set aside a judgment until it appears that the result will be other or different from that already reached: High on Injunctions, §§ 125, 126; Williams v. Hitzie, 83 Ind. 303; Stokes v. Knarr, 11 Wis. 389; Taggart v. Wood, 20 Ia. 236; Gregory v. Ford, 14 Cal. 138; Fowler v. Lee, 10 Gill & J. 363; Piggott v. Addicks, 3 G. Greene, 427; Secor v. Woodward, 8 Ala. 500.

The jurisdiction of equity in restraint of actions at law is exercised, not over the courts of law, but only upon the parties litigant therein: Sanders v. Metcalf, 1 Cooper's Tenn. Ch. 419; Jones v. Stallsworth, 55 Tex. 138; 1 High on Injunctions, § 46.

Messrs. WILLARD & DRIGGS, for appellee; cited Grand Tower, etc., Co. v. Schirmer, 64 Ill. 106.

McALLISTER, J. The injunction, which by the decree below was made perpetual, is a direct prohibition upon the action of the justice's court, a legal tribunal, and in a case where it had jurisdiction. That was error. If the bill had presented a case of equitable circumstances, and an abuse by the party of the jurisdiction of the justice's court against equity and conscience, even then the injunction should not have been directed to the court, but to the party. The court of chancery possesses no legal supremacy over justices' courts, and can award no writs in the nature of a writ of prohibition upon the actions of such courts. When a case is made calling for the exercise of its equitable jurisdiction, the court of chancery may enjoin the action of the party to a suit at law, but not the court. Such an injunction does not deny, but admits, the jurisdiction of the common law court. Hill v. Turner, 1 Atk. 516; Tyler v. Hammersley, 44 Conn. 419; High on Injunctions, 2d Ed. § 45.

But the bill in this case is insufficient to warrant any interference by a court of equity with the party to the suit at law. It sets forth no equitable circumstances, or any injury remediless at law. The ground on which equity interferes by in-

junction against the party in such case is concisely stated by Mr. High, thus: "It is granted on the ground that an unfair use is being made of the legal forum, which, from circumstances of which equity alone can take cognizance, should be restrained lest an injury be committed wholly remediless at law." § 45, *supra*.

The justice's court was entirely competent to determine the question whether the statute required Mary Casey to furnish the constable, and the latter to pay to the Pennsylvania Company, the one dollar fee and the mileage, which would amount to but ten cents, when he summoned said company under the attachment writ, but which was paid when the regular garnishee summons was served. The controversy in reality involved only the sum of $1.10, and the railway company had the right of appeal.

We regard the case as frivolous, as outside of equitable principles or precedents. The decree will, therefore, be reversed and the bill dismissed.

Decree reversed.