Milligan v. Hinebaugh.

## James Milligan, Jr., v. William H. Hinebaugh.

1. Contracts—*A Sealed Instrument May be Abrogated by Parol.*— A contract under seal may be abrogated, canceled and surrendered by an executed parol agreement.

**Covenant,** on a real estate contract. Appeal from the Circuit Court of La Salle County; the Hon. Charles Blanchard, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

Brewer & Strawn, attorneys for appellant.

D. B. Snow and D. F. Trainor, attorneys for appellee.

Mr. Justice Crabtree delivered the opinion of the Court.

This was an action of covenant to recover for interest and taxes alleged to be due from appellee to appellant, upon certain articles of agreement, under seal, dated April 10, 1893, whereby appellee agreed to purchase from appellant a certain lot in Highland Park, South Ottawa, Illinois. The purchase price was $800, of which $50 was payable May 1, 1893, the balance to be paid on or before ten years, with interest at six per cent per annum, payable annually; appellee to pay all taxes subsequent to 1892. On April 18, 1893, appellee paid the $50 which would become due May 1st.

About a year afterward appellee asked for an extension of time in which to pay interest, and appellant, not needing the money then, told appellee he would let him know when he wanted it. Appellee not having paid the taxes, appellant paid them, and the amount was refunded to him by appellee.

Appellee claims that at Streator, at a gathering which the evidence seems to show was held on June 5, 1894, appellant released him from the further performance of the contract, and agreed to take back the agreement. This is denied by appellant; but it is not disputed that on June 11, 1894, appellee sent to him the written agreement, together

with the abstract of title to the property, accompanied by a letter, of which the following is a copy:

OTTAWA, ILL., June 11, 1894.

Mr. James Milligan, Ottawa Ill.

DEAR SIR: I herewith enclose you the contract and abstract relative to lot one (1), in Highland Addition. I have done my best for months past to sell the lot, without success. I do not feel able to carry it in connection with the property that I recently purchased, and feel that the papers should be turned over to you in order that you may sell the lot again, should occasion offer. I believe I have paid sufficiently for my one year option. Should like to hold it, but do not find it possible.

Yours respt.,

W. H. HINEBAUGH.

Appellant made no reply to this letter, but retained the possession of the contract and abstract of title, apparently without objection, until this suit was brought, which appellee swears was the first notice he had that appellant would insist that the agreement was still in force and would seek to enforce its performance.

There was a trial by jury resulting in a verdict for defendant, and a motion for new trial being overruled, there was judgment in favor of appellee.

The case seems to have been tried in the court below and submitted to the jury upon the question of fact as to whether there had been a mutual agreement between the parties to rescind the contract. There was a sharp controversy between the testimony of appellee and appellant upon this question, which it was for the jury to reconcile if they could. No doubt the fact that appellant received the written agreement and abstract of title from appellee, and retained them for more than a year, without objection, and without calling upon appellee for the payment of interest or taxes, and giving no notice whatever of a refusal to consider the contract at an end until he brought this suit, had its due weight with the jury, and may have turned the scale in favor of appellee when they came to weigh the evidence.

Indeed the actions of appellant may almost be said to amount to an exercise of the option given him in the contract to declare a forfeiture for non-performance. Under all the circumstances we can not say the jury were not warranted in finding that the parties had agreed to rescind the contract.

It is urged that, inasmuch as the contract was under seal, it was error for the court to admit evidence of a parol agreement to rescind and many authorities are cited in support of the proposition that it is not competent, either at common law or under the law of this State, to modify or change articles of agreement under seal by proof of a subsequent parol understanding or agreement.

While fully admitting the existence of this rule, we think the authorities cited are not in point, as applied to the facts of this case.

The proofs were not offered for the purpose of showing an alteration, change or modification of the agreement under seal, but to show an executed parol agreement, whereby the contract under seal had become abrogated, canceled and surrendered, and this we understand it is entirely competent to do. Whether or not there has been such a cancellation and surrender is a question of fact for the jury. Alschuler v. Schiff, 164 Ill. 300.

It is urged that the court erred in giving, refusing and modifying instructions, but a careful examination of the record has satisfied us that the jury were fairly and fully instructed upon the law of the case and without discussing in detail the various objections made to the instructions, we hold them substantially free from error, and the judgment will be affirmed.