## Henry C. Klinesmith v. Jennie M. Van Bramer et al.

1. EQUITY—*Bill to Restrain a Justice of the Peace.*—A bill in equity will not lie to restrain a justice of the peace concerning a matter over which he has jurisdiction.

2. SAME—*Where There is a Complete Remedy at Law.*—The doctrine is well settled in equity, that when a party has a complete and adequate remedy at law, and fails from any cause to rely upon it in that forum, he will not be permitted to assert it in equity unless he was prevented by accident, or such circumstances as he was unable to control. Any laches on his part in failing to assert his rights in a court of law when called upon to do so, will prevent him from obtaining relief in equity.

3. SAME—*Enjoining the Collection of a Judgment.*—The collection of a judgment will not be enjoined for any defense or right which could have been asserted in a court of law, unless the complainant can show that he was prevented by fraud or accident from maintaining his legal right and that the obstacle which prevented him could not have been overcome or avoided by reasonable diligence or care on his part.

4. SAME—*Will Not Set Aside a Judgment Because of Error of Trial*

Klinesmith v. Van Bramer.

*Court.*—A court of equity will not set aside a judgment because of errors committed by the trial court.

5.  COURTS—*Bound by Their Rules.*—Courts are bound to observe their own rules; they constitute a law regulating their procedure.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 16, 1902.

EMIL A. MEYER, attorney for appellant.

MORSE IVES, attorney for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Appellant filed in the Circuit Court his bill asking that a final judgment entered against him in the Circuit Court, July 14, 1900, be set aside. From the bill it appears that November 29, 1898, at the suit of Jennie M. Van Bramer, judgment for $100 and costs was rendered against appellant by Thomas Edgar, justice of the peace. From this judgment appellant took an appeal to the Circuit Court, having filed an appeal bond December 1, 1898, signed by himself and one W. H. King, as surety. Upon this bond appears the name of Charles H. Reeve, as defendant's attorney in such appeal. July 10, 1900, on motion of the defendant, Van Bramer, an order was entered in the Circuit Court, requiring the defendant therein, complainant, to have said King "justify as surety on said appeal bond in three days, and that in default thereof the appeal be dismissed."

It is alleged in the bill that the only service of the written notice on application for such rule, directed to "C. E. Reeve, attorney for said defendant," was, by leaving a copy of such notice on the 9th day of July, 1900, with Miss Johnson, a clerk in the office of said Reeve. It is also set forth in the bill that "no affidavit was served with or appended to said notice in support of the motion therein designated." That at such time there was in force in the Circuit Court the following rule of court:

"Rule 14. All motions not of course, shall be made in writing, and when founded on matters of fact not otherwise appearing by the pleadings or other proceedings in said cause, such facts must be presented by affidavit, which shall be filed with the motion and a copy thereof served with the notice of motion."

The bill further set forth that "upon the hearing of said motion for a rule to justify, which was made orally and not in writing, all and the only evidence heard and considered by the court was an affidavit sworn to by said Ernst Kreig on, to wit, July 7, 1900, where it was stated that there were three W. H. Kings in the city directory, and that the affiant is not acquainted with surety's signature, and does not know which of said three signed said bond; that affiant made diligent inquiry as to the residence of said King, and from such inquiry could not find him."

It is alleged in the bill that the affidavit of Kreig is false, in that the maker thereof did not make diligent inquiry as to the residence of King, nor for him. The bill sets forth that appended to the before-mentioned affidavit was another one by "said King, wherein he swore that he served said affidavit by leaving a copy thereof with George M. Oswell, in the office of Chas. E. Reeve, on July 7, 1900." The complainant further alleged that there was then in force in said Circuit Court the following rule:

"Rule 16. Motions may be made to require a surety on an appeal bond to justify, after the bond has been approved, and the appeal perfected. They must be supported by affidavit showing that the affiant has made inquiry as to responsibility of such surety and the nature of such inquiry, and, if the surety has scheduled any real estate, as to the title and value of such real estate, and that from such inquiry affiant believes that such surety is irresponsible, and stating the facts tending to show that such belief is well founded. If such affidavit is deemed sufficient a rule will be entered requiring the surety to justify or the appellant to give a new bond by a certain day; and in default, that the appeal be dismissed; that no order was entered of record requiring complainant to give a new appeal bond; that the affidavit of said Kreig, upon which the rule was entered, was false, and known to 'defendant and her attorney to be so.' That July 14, 1900, without notice to the

complainant or any other person, in his behalf and without his knowledge, the defendant Van Bramer fraudulently obtained from the Circuit Court ' an order dismissing complainant's appeal for failure to justify as required by order of July 10, 1900.' ' That said Van Bramer caused the order of dismissal to be entered on the last court day of the June term of 1900, so that knowledge of such dismissal would not get to complainant until the expiration of the June term of the court; that complainant had no knowledge of the entry and order of dismissal, until long after the expiration of the June term of said court.' "

Upon the filing of the bill a preliminary injunction was issued. Thereafter, on motion of the defendants, the suit was dismissed, from which order of dismissal this appeal is prosecuted.

Appellant urges that the following rule of the Circuit Court was violated in the entry of an order requiring the surety upon the appeal bond to appeal and justify, and also in the order dismissing the appeal:

" Rule 11. No motion will be heard or order made in any cause without notice to the opposite party, when appearance of such party has been entered, except where a party is in default or when a cause is reached on the call of the calendar."

The bill showed no reason for an injunction restraining Edgar, as justice of the peace, from issuing process upon the judgment rendered by him; nor for making him a party defendant to the bill. A bill in equity will not lie to restrain the action of a justice of the peace concerning a matter over which he has jurisdiction. Eberhardt v. Pennsylvania Co., 15 Ill. App. 541; Pomeroy's Equity Jurisprudence, Sec. 1360.

The bill shows that appellant had notice of the application for a rule requiring the surety to justify, in two ways: first, by a copy of the notice left with Miss Johnson, a clerk in his office, and second, by a copy " of the affidavit" left with George M. Oswald, a clerk in the office of Chas. E. Reeve, July 7, 1900.

The bill contains no denial of the making of such service, nor of notice to appellant's attorney in the matter of said appeal that such rule would be asked for, but insists that

the affidavit is false in the assertion therein made, that diligent search had been made to find Kreig, surety upon the appeal bond. The right, under the rule of the Circuit Court, to issue such rule and thereafter to enforce the same, depended upon that made to appear to it; not upon whether the affidavit as to search made for King was true. No reason or excuse for the failure of appellant's attorney, Reeve, upon whom the notice to appear was served, is shown by the bill, other than the statement that "complainant had no knowledge of the entry and order of dismissal until long after the expiration of the term of said court at which said dismissal was entered, nor did any other person for him have knowledge or notice thereof."

This allegation is only as to the order of dismissal and not as to notice of the rule requiring the surety to appear and justify.

Appellant urges that the Circuit Court, in granting the application for a rule upon the surety to justify, and because of failure so to do, dismissing the appeal, violated its own rules. Admitting that this is the case, it does not follow that a court of equity will for such reason set aside the judgment. Courts are bound to observe their own rules; they constitute a law regulating its procedure. Nevertheless, a failure to observe them is but error and courts of equity do not set aside judgments because of errors committed by the trial court.

The citation by appellant from the Second Encyclopedia of Pleading and Practice, pages 575 and 576, is not applicable to the present case. The author is there dealing with bills for review of decrees where the error complained of is apparent upon the face of the record of the cause in which the decree was entered. Even if the alleged untruthful statements in the affidavit of Kreig constituted such fraud as that therefore a court of equity might set aside the order of dismissal, it will not do so if, but for the inexcusable laches of the complainant, the dismissal would not have been had.

Appellant calls attention to the case of Beveridge et al. v. Hewitt et al., 8 Ill. App. 467. In this case the court say:

Klinesmith v. Van Bramer.

"The doctrine is well settled in equity, that when a party has a complete and adequate remedy at law, and fails from any cause to rely upon it in that forum, he will not be permitted to assert it in equity unless he was prevented by accident, or such circumstances as he was unable to control. Any laches on his part in failing to assert his rights in a court of law when called upon to do so, will prevent him from obtaining relief in equity."

The collection of a judgment will not be enjoined for any defense or right which could have been asserted in a court of law, unless the complainant can show that he was prevented by fraud or accident from maintaining his legal right and that the obstacle which prevented him could not have been overcome or avoided by reasonable diligence or care on his part. Pom. Eq. Jurisprudence, Sec. 363 and Sec. 1364; Smith v. Allen, 63 Ill. 474; Smith v. Powell, 50 Ill. 21; Harding v. Hawkins, 141 Ill. 572–581.

The dismissal of the appeal complained of in this case might have been prevented by the exercise, not merely of reasonable, but of ordinary diligence on the part of appellant. His attorney was notified, both on the 7th and 9th of July, that an application for a rule requiring the surety upon the appeal bond to justify, would be made. To this appellant paid no attention. The rule was entered, three days elapsed, and still no attention to this matter was given by appellant; finally, upon the 14th of July, an order of dismissal for failure to comply with the rule was entered. A year afterward appellant filed his bill to set aside such order of dismissal. No excuse for his laches is offered. He was not prevented by fraud, accident or mistake, from availing himself of his right to have the rule first entered set aside or complied with; nor was there anything up to the adjournment of court on the 14th of July, even hindering him from availing himself of the opportunity afforded to him to apply to the court for time in which to file another bond or to set aside all that had theretofore been done by the court leading up to the dismissal on that day entered.

The decree of the Circuit Court dismissing the bill for want of equity is affirmed.