Herzberger v. Barrow.

---

Harry Herzberger, et al., v. William Barrow, et al.

Gen. No. 11,827.

1. INTERLOCUTORY INJUNCTIONAL ORDER—*how appeal from, determined.* Where an appeal is taken from an interlocutory order granting an injunction, the case is deemed to stand as though the defendants had demurred to the bill.

2. INJUNCTION—*when, lies to restrain collection of judgment.* Where the plaintiff in the judgment has instituted a number of separate suits before justices of the peace upon a claim which from the bill appears to have been without merit, which suits, upon the appearance of the defendants, he dismissed, and where finally he obtains a judgment without service having been had, equity will restrain the collection of such a judgment.

3. INJUNCTION—*effect of informal bond upon.* An injunction bond is not jurisdictional, and a defect therein does not afford ground for the reversal of an injunctional order.

4. INJUNCTION—*who should not be included in.* When a case is made calling for the exercise of equitable jurisdiction, the chancellor should restrain the parties to the suit at law, but not the law court itself.

5. REMEDY—*when, joint.* Where several parties are being oppressed by the unjust and unlawful use of the machinery of the courts, they may, where the wrongs suffered by them are joint, proceed in one action for relief at the hands of a court of equity.

Proceeding to restrain collection of judgment. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, pre-

siding.    Heard in this court at the March term, 1904.    Affirmed in part
and reversed in part.    Opinion filed June 30, 1904.

**Statement by the Court.**    March 9, 1904, appellees filed
a bill against appellants and others, in which it is alleged
that in 1898 William Barrow employed David H. Roblin to
perform certain legal services, and that when done, he paid
Roblin in full for the same; that later Roblin claimed $200
more for said services; that in 1900, William Barrow was
adjudicated and discharged as a bankrupt, having scheduled
said fraudulent claim of $200; that afterwards said Roblin
began four different suits for the recovery of said money
before justices outside of the city of Chicago, many miles
distant from the residence of plaintiff and of defendant,
which suits were thus brought for the purpose of obtaining
a fraudulent judgment, but in each of which Roblin entered
a non-suit upon the appearance of said William Barrow;
that January 29, 1903, said Roblin began another suit for
said money before W. D. Wilcox, a justice of the peace for
the town of Jefferson, and said justice, February 7, 1903,
entered therein a fraudulent judgment in the sum of $200,
against said William Barrow; that the docket of said justice
shows the summons in such suit was served upon the defend-
ant by appellant Greenberg, but the fact is that said summons
was never served upon William Barrow, nor did Greenberg
ever call his attention to such case, but purposely conspired
to defeat the rights of said Barrow therein; that said Bar-
row never knew of such judgment until March 13, 1903,
when Greenberg, with appellant Ricker and six assistants,
appeared at the place of business of said Barrow and de-
manded the amount thereof, and upon refusal began to take
property, when said Barrow, with Frank Barrow as surety,
gave a forthcoming bond to Ricker for the use of David H.
Roblin in the sum of $350, to "save himself from being
robbed;" that in March, 1903, on petition of William Bar-
row, a writ of *certiorari* was issued out of the Superior
Court concerning said justice suit, on the issuing of which
said Barrow filed a bond in the sum of $425; that February
25, 1904, in said last named cause, the writ was quashed

Herzberger v. Barrow.

and the appeal dismissed with *procedendo;* that in December, 1903, a suit was begun against appellees before said W. D. Wilcox by E. H. Ricker for the use of said Roblin upon said forthcoming bond, but it was dismissed "by order of plaintiffs' agent," January 15, 1904; that January 7, 1904, a suit was commenced upon the same bond by said Ricker for the use of said Herzberger before Justice John R. McDonnell of the village of Lyons, and on the 23rd of the same month, said last named justice entered a judgment thereon against appellee Frank Barrow; that when this case was called, appellees filed an affidavit for and asked a change of venue, which was denied, and said judgment was thereupon entered without the hearing of any evidence; that afterwards said William Barrow asked said justice for a transcript in said cause, and was told by said justice that no judgment had been entered therein, and that the suit had been dismissed; that March 5, 1904, appellee Frank Barrow was served with a copy of an execution issued by Justice McDonnell upon said last mentioned judgment, by William R. Field, who, accompanied by said Greenberg and several assistants, came on that day to the home of said Frank Barrow, where his wife lay ill from childbirth, and threatened to levy upon the household furniture; that said Frank Barrow tendered to said constables a schedule claiming his exemptions, but they refused to accept the same; that then said constables informed said Frank Barrow that if he would give them $20, they would proceed no further at that time; this he did, when Greenberg informed him that this $20 would not be applied on the judgment, but was to feed him (Greenberg) and "his boys;" that appellees do not know said Herzberger, and never heard of him until the said proceedings were commenced before Justice McDonnell; that appellees upon information and belief say that said Roblin resides in Arkansas; that said E. H. Ricker "is a fugitive from justice from the State of Illinois, and that the other defendants are notorious constables and helpers, and would resort to anything to defeat justice and harass people, and that the defendants conspired together

to cheat and defraud your orators," and that said William Barrow was not and is not indebted to said Roblin, or any of the other defendants named in the bill.   Prayer for injunction against enforcing said judgments, etc.   Affidavit for injunction without notice.   The same day the bill was filed an injunction issued, ordering defendants to desist and to refrain from the collection of said judgments, etc.

March 10, 1904, appellants Greenberg and Fields entered their appearance.   On the 22nd of the same month appellants Roblin, Wilcox, Ricker, Herzberger and McDonnell appeared.

April 6, 1904, appellants perfected this appeal.

E. H. MORRIS and E. E. WILSON, for appellants.

GEORGE FRANTZEN, for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

Appellants bring here for review the action of the learned chancellor in ordering an injunction to issue.   The facts alleged in the bill as ground for this action are not denied. The appeal is based upon the face of the bill.   The case stands as if appellants had demurred.   It follows that whatever is well pleaded in the bill must be considered as true. Thus viewed, a case of fraud, oppression and of legal misconduct is presented which calls for relief.   It appears that the first judgment was obtained against William Barrow without his being served with summons or being notified in any other way that the suit had been commenced; and without the existence of any indebtedness upon which a just judgment could be founded; and after attorney Roblin, who, it seems, is now beyond the jurisdiction of the courts of this state, had led said Barrow into the presence of at least four outside and distant justices of the peace, only to dismiss his suit when in each instance he found his pretended debtor there ready to defend against such alleged claim.   The law is not powerless to relieve a party thus injured.   In such a case the courts of law, if they afford any relief, do not afford adequate relief.   Upon appeal or

*certiorari* the face of the record would be errorless. No averment can be made in the same action that the officer's return therein is false. It is true that the officer may be sued for a false return; but the result of such a suit, through the vagaries of the jury, may be unfavorable; or, if it reaches judgment, the defendant may escape its consequences by the insolvency of himself and of his sureties. In equity the fact that the return is false may be set up, and if proven, the complainant will be relieved from the consequences of an unjust judgment. Owens v. Ranstead, 22 Ill. 161; Hickey v. Stone, 60 Ill. 458. The ground of jurisdiction in chancery is the inadequacy of the remedy at law.

Because the law does not permit the return of the officer to be contradicted under the writ of *certiorari* brought upon the first judgment, the quashing of that writ does not estop appellee William Barrow from joining herein as a complainant. That proceeding was wholly ineffective, and ought therefore to be regarded as a nullity. The bill alleges that William Barrow did not know of the existence of this judgment until the statutory time for taking an appeal therefrom had expired. Fitzgerald v. Kimball, 86 Ill. 396. He then had no adequate remedy except upon appeal to the chancellor.

The bill sets out that both appellees are being oppressed by the unjust and illegal use of the machinery of our courts by appellants. The wrongs done appellees are joint, and their interest in having these proceedings reviewed by a proper tribunal is joint. The second judgment, which, according to the bill, the justice denied he had entered, and thus appeal therefrom was prevented, grew out of the fraudulent judgment first entered. If that judgment be found void, there can be no recovery on the forthcoming bond. These two judgments are so intermingled that a court of chancery can and should dispose of them in one proceeding. We see no reason why appellees might not unite as complainants in this bill.

If the bond given upon the issuing of the injunction is

informal or defective (a point we do not decide), that fact is not jurisdictional, and will be remedied by the chancellor upon proper application.

The injunction runs against the justices of the peace as well as against the other appellants. This is unnecessary to the relief sought. When a case is made calling for the exercise of equitable jurisdiction, the chancellor should restrain the parties to the suit at law, but not the law court. In this respect the order appealed from is erroneous. Eberhardt v. Penn. Ry. Co., 15 Ill. App. 541.

It is therefore ordered that the decree of the Superior Court be reversed as to Justice W. D. Wilcox and Justice John R. McDonnell; and it is further ordered that such decree be affirmed as to the other appellants, Harry Herzberger, William R. Field and Louis Greenberg, and that appellees recover their costs in this court against the appellants in respect to whom the decree is affirmed.

*Affirmed in part and reversed in part.*