## Bradford G. Richmond, et al., v. John Brandt.

### Gen. No. 4,445.

1 CONTRACT—*how construed.* In construing a contract the whole instrument must be considered and so construed, if possible, as to give force and meaning to every part of it.

2. CONTRACT—*how reservation contained in, construed.* In construing reservations or conditions inserted in a contract for the benefit of the party who makes them, in cases of doubtful or ambiguous clauses, that construction will be given least favorable to the party making them.

3. AGENCY—*when termination of, illegal.* Held, in this case, that a contract of agency for five years' duration was created and that its termination prior to that time was illegal.

4. DAMAGES—*how proof of, cannot be made.* The following question is incompetent as calling for a conclusion: "State whether you sustained any damages by reason of Mr. Brandt's refusing to perform his part of the contract in evidence."

Action of assumpsit. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES B. GARNSEY, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed March 8, 1905.

CHARLES B. CAMPBELL, for appellants.

SAVARY & RUEL, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an appeal by plaintiffs below from a judgment rendered against them for costs. The suit was upon a written contract. The trial was before the court without a jury.

Appellee was in the dairy business at Manteno, Kankakee County, and shipped milk to the Chicago market. On the 15th day of August, 1901, appellee appointed appellants his agents to sell all the milk he produced, at prices not lower, in any case, than those fixed by the Milk Shippers Union, for the period of five years at a commission of one cent per can. The contract authorized appellants to contract appellee's milk to dealers, not longer than six months at a time, and in case appellee produced more milk than was necessary to fill these contracts, he was to withhold shipments until a market could be found. The milk was to be delivered at a milk delivery platform on the Illinois Central railroad in Chicago and be up to the requirements of the city and state inspection.

The following clause appears in the contract: "I reserve the right to sell my milk to condensing factories or creameries, or dispose of the cows owned or controlled by me, and to discontinue producing or shipping milk at any time, when said act will in no way affect any contract I may have with a dealer or dealers provided I give said agents thirty days' written notice prior to such act."

Under a custom prevailing in the Chicago market, milk contracts are renewed every six months—on the first of November and May, and it was the expectation of both parties that shipments under this contract would begin on the first of November following.

On the first of October before shipments were expected to commence under the contract, appellee sent a postal card to appellants requesting them to take his name off the books. He never shipped any milk to appellants' order, though he continued in business, shipping not less than four cans of milk per day to Chicago for sale to the general public until this suit was brought. Appellee's contention is that under the reservation in the contract above set out, he had the right at any time to terminate the agency by giving thirty days' notice, if it did not interfere with any existing contracts appellants might then have with dealers. Appellants' contention is that the right to terminate the contract on thirty days' notice is dependent on the sale of his milk to condensing factories or creameries, or upon his selling his cows and going out of business. Appellee's construction of the contract was adopted by the trial court, and propositions of law in accordance with appellants' contention were refused, which presents the only question to be determined.

In construing the contract the whole instrument must be considered and so construed, if possible, as to give force and meaning to every part of it. Holmes v. Bemis, 124 Ill. 453; Hayes v. O'Brien, 149 Id. 403; Field v. Leiter, 118 Id. 17.

In construing reservations or conditions inserted in a contract for the benefit of the party who makes them, in cases of doubtful or ambiguous clauses, that construction will be given least favorable to the party making them. Massie v. Belford, 68 Ill. 290; Mueller v. North Western University, 95 App. 258. Applying these rules to the contract in question it will be seen that if appellee's contention prevails, instead of the contract being a five-year agreement it becomes one determinable at the option and pleasure of appellee upon his giving thirty days' notice This virtually renders the five-year clause inoperative and violates the rule laid down in Hayes v. O'Brien, *supra*.

If, as appellee contends, he intended to reserve the right to cancel the contract at any time upon notice, when it did not interfere with existing contracts with dealers, then the

language, "I reserve the right to sell my milk to condensing factories or creameries or to dispose of the cows owned or controlled by me" becomes superfluous and meaningless, for the reason that all these rights would be included in the general reservation as interpreted by appellee. If appellee has used language which is ambiguous, he cannot complain if that construction be given it, least favorable to him. Massie v. Belford, *supra.*

The court erred in finding for appellee and in refusing propositions of law submitted by appellants embodying principles in accordance with these views.

The court properly sustained objection to the following question: "State whether you sustained any damages by reason of Mr. Brandt's refusing to perform his part of the contract in evidence." This question is open to the objection that it calls for a conclusion and leaves the witness to adopt any theory of damages he may see proper; but since this case must be reversed for the errors pointed out, and a retrial must be had, at which it is assumed that the court will adopt a proper measure of damages, and only proper questions will be asked, it is not necessary to discuss that question further here.

The judgment is reversed and remanded.

*Reversed and remanded.*