## Bradford G. Richmond et al. v. William Radke.

### Gen. No. 4,759.

1. SPECIALTY—*how cannot be varied.* A contract under seal cannot be modified or have a new element inserted in it by parol.

2. SPECIALTY—*how may be released.* A contract under seal may be released, abrogated or surrendered by parol.

Action commenced before justice of the peace. Appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

LUMLEY & FIELD and JAMES TURNOCK, for appellants.

LOWELL SMILEY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit based on a written contract under seal, begun April 6, 1903, before a justice of the peace. An appeal was taken from the judgment in the jus-

tice's court to the Circuit Court, where a verdict was
returned for defendant. A motion for a new trial
was overruled and judgment rendered against plaint-
iffs for costs and they appeal to this court.

The contract was executed on the 12th of February,
1901, and by it appellee appointed appellants his agents
to sell all the milk he produced by cows owned or con-
trolled by him, except the milk used at his own home,
at a price not lower than fixed by the Milk Shippers'
Union of Chicago, for a period of five years, at a com-
mission of one cent per can per month payable monthly.
The contract authorizes appellants to contract appel-
lee's milk to dealers, not longer than six months at a
time. Appellee represented he owned twenty cows
and produced an average of 180 cans per month, and
agreed not to increase the amount of milk more than
fifteen per cent., except upon the written request of
the purchaser, and should he have more milk than pro-
vided for in the contract, he agreed to withhold the
surplus until a market could be found for it. The
contract contains the following clause: "I reserve
the right to dispose of the cows owned or controlled
by me, and to discontinue producing milk at any time,
when said act will in no way affect any contract I
may have with a dealer or dealers, provided I give
said agents thirty days written notice prior to said
act." Milk was shipped under this contract and sold
by the appellants from November 1, 1901, to April 1,
1902, and commissions paid for that time. In the
latter part of March, 1902, appellee states that he
had a conversation with appellant Smith in regard
to taking his milk to a condensing factory, that he
told Smith his wife couldn't wash the cans, and that
he would rather go to a condensing factory than be
bothered with shipping to Chicago. That Smith said
"I had a good man and he didn't want to put him
to any trouble, I said, 'No, sir, that is what I came
to see you for, I want you to get another dairy for
him.' Then Mr. Smith said 'We'll try and see what

we can do.' " Subsequent to this conversation Radke met Tomiskey, an agent of Richmond and Smith, who Radke says told him "he had turned him over a man and I was off," and after that appellee commenced going to the "condensor." After about six months Radke sold his milk to the Bowman Dairy Co. which was engaged in sterilizing and bottling milk, and extracting cream and shipping the cream and bottled milk to Chicago. Appellants have received no commission since about April 1, 1902, and do not claim commission for the time appellee delivered his milk to the condensing factory at Algonquin, but sue for the commission on the milk sold to the Bowman Dairy Co. Appellee admits he delivered from six to seven cans per day to the Bowman Dairy Company.

The only questions raised by this appeal are, was the contract modified so as to permit appellee to sell his milk to condensing factories, creameries or other parties if it did not go to Chicago, and was appellee released from the contract under which he made appellants his agents to sell milk? The contract is under seal, and would bind appellee to pay commissions until the end of the term contracted for, if he should continue to produce milk for market unless he should be released therefrom or the contract should be modified by a writing under seal. A contract under seal cannot be modified or have a new element inserted in it by parol. Starin v. Kraft, 174 Ill. 120; Barnett v. Barnes, 73 Ill. 216; Hume Bros. v. Taylor, 63 Ill. 43. A contract under seal may be released, abrogated or surrendered by parol. Alschuler v. Schiff, 164 Ill. 298; Williams v. Vanderbilt, 145 Ill. 238; Milligan v. Hinebaugh, 70 Ill. App. 537; Vider v. Ferguson, 88 Ill. App. 136.

The fact that appellants had made contracts with other parties which had provisions in them permitting the producer to sell his milk to creameries or condensing factories, cannot give appellee that right, even though appellants told appellee after the execution of

the contract sued on, that the contracts meant the same. A new provision may not be inserted in the contract except in a lawful manner. The only way that appellee could lawfully terminate the contract without the consent of appellants, was to "discontinue producing milk." Whether there was a release of appellee or not by agreement we express no opinion. If the evidence shows that Smith, one of the appellants, or that any authorized agent of appellants, either in any conversation with appellee or by any writing, unconditionally released appellee from the performance of the contract, then appellants are not entitled to recover any commission subsequent to such release. The agent of appellants denies the conversation with him testified to by appellee. It became a question of fact under proper instructions for the jury to decide whether or not appellee was released from the contract by appellants. If the effect of the conversations between Smith and Radke and Radke and Tomiskey was only to release Radke from the contract so long as he should take his milk to the condenser and not to release him if his milk should come to Chicago, then there was no release. That would be adding to or modifying a contract under seal by parol. It would be adding to the clause in which appellee reserved the right to discontinue producing milk, the further reservation of the right to sell to condensing factories or creameries or anywhere outside of Chicago, but keeping the contract in force as to all milk shipped to Chicago. It would resemble the contract construed in Richmond v. Brandt, 118 Ill. App. 624. A conditional release is only an addition to or modification of the contract. Such an addition to or modification of a contract under seal to be binding must be made under seal. The second instruction given for appellee told the jury that if they believed that after the contract was signed appellants told Radke that he "could take his milk to the factory or sell it to any one he saw fit as long as he did not

ship it to Chicago, then in that case the defendant is released from complying with the terms of the contract to that extent" and if the jury from the evidence believed defendant did not after that ship milk to Chicago, the verdict should be for defendant. This instruction in effect told the jury a new clause could be added to the sealed contract by parol, and was erroneous under the law concerning instruments under seal. For the error in giving this instruction the case is reversed and remanded.

*Reversed and remanded.*