**Edward J. O'Beirne Appellee, v. City of Elgin et al., Appellants.**

### Gen. No. 5,978.

1. MUNICIPAL CORPORATIONS, § 79*—*when ordinance required to be filed for public inspection.* An ordinance authorizing the issuance of bonds for a municipal electric lighting plant and a system of street lighting, *held* to be an ordinance authorizing the making of a contract so as to fall within the provisions of art. 13, § 33,

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

of the Act relating to cities, villages and towns, J. & A. ¶ 1592, requiring such an ordinance be filed for public inspection previous to its final passage or adoption.

2. ELECTIONS, § 89*—*when suggestive form of ballot renders election void.* Where a ballot, submitting to the voters the question, whether city bonds should be issued for a municipal electric lighting plant and a street lighting system, used the following words to indicate the question submitted: "If you favor Municipal Ownership, vote yes. If you oppose Municipal Ownership, vote no. By making a cross in one square below, thus: (x)," *held* that words used were suggestive, that they might influence the voter in making his choice, and that the ballot used was such a noncompliance with the statute as to render the election void.

3. ELECTIONS, § 2*—*compliance with election law.* A failure to comply with the provisions of the election law in a matter of substance in conducting an election renders the election void.

4. INJUNCTION, § 162*—*right to temporary injunction without notice.* The granting of a temporary injunction without notice cannot be defeated because of the fact that complainant might have filed his bill earlier and thus had time to give notice of his application.

5. INJUNCTION, § 385*—*questions not reviewable on appeal from interlocutory order.* On appeal from an interlocutory order granting an injunction, the case stands as though the defendant had demurred to the bill, and the defendant cannot raise the question that the injunction was issued without notice or that the bond was approved by the clerk instead of by the court.

6. INJUNCTION, § 13*—*right of taxpayer to maintain bill.* A taxpayer may maintain a bill to enjoin the letting of an illegal contract, or the extension of an illegal tax, irrespective of the question whether he could also successfully defend against the collection of the tax levied on his property.

7. INJUNCTION, § 99*—*when letting of contract by city may be enjoined.* The fact that a contract to be let by a city as a part of the execution of the provisions of an illegal ordinance could have been made by it in the absence of an ordinance, is no defense to a suit to enjoin the city from letting it, where it appears the contract was intended as a part performance of the plan of the ordinance and was not considered by the city as an independent contract.

8. INJUNCTION, § 99*—*right to enjoin city from letting contracts pursuant to ordinance adopted by void election.* A taxpayer is entitled to maintain a bill to enjoin a city from letting a contract pursuant to an ordinance adopted by an illegal election though the void election complained of was not contested in an action at law.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

EUGENE CLIFFORD, for appellants; CHARLES M. HAFT, of counsel.

CHARLES L. ABBOTT, WALTER E. HEALY and GLENNE R. BEVERLY, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

This is an appeal from an order entered April 14, 1914, granting, without notice and on a bond approved by the clerk instead of the court, an interlocutory injunction restraining appellants, the City of Elgin and certain of its officers, from proceeding under an ordinance providing for a municipal electric lighting plant and a system of electric lights for ligthing the streets of said City and the issuing of $162,000 of bonds to be designated as "Lighting Plant Bonds of 1914," to be in force from and after its passage, publication and approval by a majority of the legal voters of the City of Elgin voting at a general or special election to be held.

The bill on which the temporary injunction issued was filed by appellee, Edward J. O'Beirne, a taxpayer of said City, acting on behalf of himself and all others similarly situated. And charged among other things that said City is under "The Commission Form of Municipal Government." That said ordinance was presented, read and passed at a meeting of said council held September 20, 1913, and had not theretofore been on file for public inspection in the office of the city clerk. That said ordinance was passed on a written motion in which the form of ballot to be used in the contemplated election was prescribed as follows:

"If you favor Municipal Ownership Vote Yes.
If you oppose Municipal Ownership Vote No.
By making a cross in one square below, thus: (X).

| Shall Bonds or obligations of the City of Elgin for the purpose of providing funds for the purposes mentioned in the ordinance printed hereon to the amount of One Hundred and Sixty-two Thousand Dollars ($162,000) be issued by the City Council of the City of Elgin, Illinois?" | |
|---|---|
| Yes | |
| No | |

That election was held October 22, 1913, in which only that form of ballot was used, resulting in a majority of votes cast in favor of said ordinance. That pursuant to said ordinance bonds have been printed and advertised and are ready for execution and delivery, and said council will sell and deliver them unless restrained and thereby create an illegal indebtedness. That the commissioners have issued a call for bids for machinery, arc lamps, etc., and have received bids therefor until 11 A. M., April 14, 1914 (the date of application for injunction), and will open said bids at 2 P. M. of that day, and will then proceed to let the contract in accordance with said call for bids and said ordinance. The bill is verified and accompanied by an affidavit in support of the motion for injunction without notice, in which affidavit, made on said day, it is stated that the officials of the City will accept bids and make contracts under the said invalid ordinance, and are now considering such bids.

The foregoing averments of the bill sufficiently present the questions that we regard controlling. There are other averments raising other questions that in view we take of the case we need not consider.

It is provided in article XIII, sec. 33, "Cities, Villages and Towns Act" (J. & A. ¶ 1592): "Every ordinance or resolution appropriating any money or

ordering any street improvement or sewer, or making or authorizing the making of any contract or granting any franchise, right or license to occupy or use the streets, alleys, highways, bridges, viaducts, public property or public places in the city or village for any purpose, shall remain on file with the city or village clerk for public inspection, complete in form in which it is finally passed, at least one week before the final passage or adoption thereof.''

It is contended by appellants that the ordinance in question does not fall within the provisions of that statute. We are of the opinion that it does fall within both the letter and spirit. It authorized the issue of bonds, fixing the terms and conditions of payment therefor. It is an ordinance authorizing the making of a contract. It is a character of ordinance the Legislature might well have had in mind when providing for public examination and discussion preceding the passing of ordinances.

As to the ballot, appellant calls our attention to section 14 of the Act of 1891 (J. & A. ¶ 4906), which provides: ''If a contsitutional amendment or other public measure is submitted to a vote, such question shall be printed upon the ballot after the list of candidates, and words calculated to aid the voter in his choice of candidates or to answer any question submitted to vote may be added, such as, 'Vote for one,' 'Vote for three,' 'Yes,' 'No,' or the like,'' and says the ballot in question is justified under that provision. We do not so regard it. The provision is intended to aid the voter to understand the meaning of his vote and not the reason for it. It was not intended that public officers charged with a duty to impartially submit a question to the vote of the people should use the ballot as a vehicle for information or argument as to the motives that might influence the voter in making his choice. Such suggestions as were made on this ballot are open to argument. It was not for the City Council of Elgin

to determine that every voter in favor of municipal ownership should vote "Yes." It is quite conceivable that there might be among the voters those who favored municipal ownership but for reasons satisfactory to themselves did not favor the bond issue in question. The ballot must substantially conform to the form prescribed by the statute. A failure to comply with the provisions of the law in a matter of substance in conducting an election renders the election void. *People ex rel. Woods v. Myers*, 256 Ill. 529. We are of the opinion that the ballot used was such a substantial noncompliance with the statute as to make this election void, and as the ordinance was of no force and effect in the absence of a valid election approving it, it follows that appellants derived no authority from it. Appellants' counsel say it was not necessary to specify the form of ballot, that the form is prescribed by statute; that is probably true, very likely the form of ballot ordered by the council might have been disregarded and proper ballots used without vitiating the election. The trouble lies not in the suggestion, but in the use of an improper form of ballot.

Appellants ask that the order be reversed because the injunction was issued without notice, and on a bond approved by the clerk, in violation of the statute requiring the bond to be approved by the court or the judge issuing the order of temporary injunction. We are of the opinion that there was a sufficient showing in the bill and accompanying affidavit to justify the issuing of the injunction without notice. It is said that the commissioners could not have let the contract enjoined until two days had elapsed, because of the provision of the statute that bids should remain on file in the mayor's office at least forty-eight hours before an award (J. & A. ¶ 1613), and it should not be assumed that the commissioners intended to act contrary to law. But the bill was filed to prevent their acting contrary to law and on the positive allegations

that they had so acted and were intending to so act in letting the contract. If a presumption was to prevail that they would not act contrary to law there was no necessity for an injunction with or without notice. It is argued that appellee might have filed his bill earlier and thus had time to give notice of his application. This may be true, but we know of no law that forbids the issuing of an injunction without notice on the ground that the complainant might have commenced his proceeding earlier and given notice. We are aware of no requirement that it should appear to the court granting the temporary injunction, not only that damage would result if the injunction is not issued without notice, but also that the complainant is guilty of no negligence in failing to file his bill at an earlier period.

But it is at least doubtful whether this question can be raised here. The Appellate Court of the First District in *Florin v. Rayman,* 176 App. 106, in considering an appeal from an interlocutory order granting an injunction said: ''The case stands as though the defendant had demurred to the bill, and he can raise here the questions, and only the questions, which he could have raised by demurrer,'' citing *Herzberger v. Barrow,* 115 Ill. App. 79, another First District case to the same effect, where the court refused to consider the sufficiency of the bond given upon the issuing of the injunction and said: ''The appeal is based upon the face of the bill. The case stands as if appellants had demurred.'' This court held in *Craig v. Craig,* 175 Ill. App. 176, that objections to the issuance of an interlocutory injunction without notice are waived when a motion to dissolve is made, since such motion operates as a demurrer to the bill; as did also the Appellate Court of the First District in *Adams v. Oberndorf,* 121 Ill. App. 497, and appellants concede that to be the law, but say it does not apply on an appeal like this. We see no reason why it should not; the interests of the parties require a decision of the question on whether the injunction was properly granted, not

whether there was some technical error in the manner of the application for the writ.

These suggestions dispose of the question of the approval of the bonds by the clerk instead of the court. As said in *Herzberger v. Barrow, supra,* that defect "will be remedied by the chancellor upon proper application." The court may grant an injunction without bond in a case where the public interest is involved. *Kerz v. Galena Water Co.,* 139 Ill. App. 598. The error can work no injury to appellants, as the obligors cannot escape liability on the ground that the bond was not approved by the proper authority.

It is urged that appellee could not be injured by any act of the commissioners in letting the contract enjoined within the time required for notice of application for injunction, and also said that appellee could not be injured by the letting of an illegal contract which could not be enforced in law or equity. A taxpayer may maintain a bill to enjoin the letting of an illegal contract, or the extension of an illegal tax, irrespective of the question whether he could also successfully defend against the collection of the tax levied on his property. The authorities are too numerous on this subject to require extensive citation or discussion of the reasons supporting them. Among the earlier cases are *Harding v. Rockford, R. I. & St. L. R. Co.,* 65 Ill. 90, and *Chestnutwood v. Hood,* 68 Ill. 132; and among the later, *Stevens v. County of Henry,* 218 Ill. 468, and *Loeffler v. City of Chicago,* 246 Ill. 43.

It is said that appellants were authorized to make the contracts enjoined, other than for borrowing money, in the absence of the ordinance, therefore the court should not have enjoined them as to those contracts. The court was warranted in enjoining any contract made as a part of the execution of the provisions of the ordinance, and we are of the opinion that it sufficiently appeared that the contracts in question were intended as a part performance of that plan and were

not considered by appellants and should not be considered by the court as independent contracts that might or would have been made independent of the provisions of the ordinance.

It is said complainant might have joined with others and contested the election within the time prescribed by law, and claimed that such contest is an action at law and that a court of chancery should not take jurisdiction of a matter where the question could be determined in an election contest.

A taxpayer is not estopped to resist the payment of a tax or the creating of an illegal indebtedness, by the fact that a void election complained of might have been contested in the manner provided by statute.

Finding no reversible error the order and judgment is affirmed.

*Affirmed.*