The bill stated, in substance, that in February, 1806, the complainant purchased from the defendant a stud horse for £ 150, payable the ensuing Christmas; but that it was agreed between them, if the horse died before the end of the season, no part of the price was to be paid, (148) which was attested by witnesses, and a note drawn expressing the same; that the defendant refused to receive this note, as the condition rendered it unnegotiable, but repeated his determination to abide by the conditions, nevertheless; on which the complainant gave an unconditional note. That the horse died a month before the end of the season, and the defendant brought suit on the note, which the complainant employed and instructed counsel to defend; that he summoned witnesses, who failed to attend, and was also absent himself, through severe illness.
If the complainant could have made any defense to the suit brought on the note, it was strictly of a legal nature, which he had an opportunity of showing upon trial. If injustice had been done to him on that occasion, his remedy was still in a court of law, by applying for an appeal orcertiorari. The circumstance of his not having availed himself of these remedies will not give this Court a jurisdiction which it did not before possess. There ought to be some period to litigation; and where it could be more properly determined than the principle of law as already directed? That where a man's claims have been decided on by a court of competent jurisdiction, or where the opportunity was afforded him of having them decided on, he shall no longer be at liberty to harass his adversary. The court cannot relieve against a verdict at law for being contrary to equity, unless the plaintiff, knew the fact to be different from what the jury have found it, and the defendant was ignorant of it at the time of trial; as where *Page 118 
the plaintiff sued for a debt, and the defendant after verdict discovers a receipt for the demand (3 Atkyns, 224), or where effectual cognizance cannot be taken at law, as in complicated accounts, or where a verdict is obtained by fraud; and not where the party omitted to avail himself of his legal defense. 1 Schoale and Lefroy, 205.
On this principle alone the bill ought to be dismissed; but even if the defendant had made his defense at law, the event must have been (149) equally unfavorable to him, because he could not have been allowed to prove by parol that the contract was different from the purport of the note. It is not alleged in the bill that the condition on which the price of the horse was to be remitted was suppressed by fraud or omitted through mistake. The simple charge is that the parties both agreed not to insert the condition in the note, but trust it to the memory of witnesses.
NOTE. — See Taylor v. Wood, 3 N.C. 332, and the cases referred to in the note thereto. On the last point, see Commissioners of Greene v.Holliday, 3 N.C. 384, and the cases there referred to.
Cited: Peace v. Nailing, 16 N.C. 294.