### THOMAS C. SHIPP *v.* W. J. WHEELESS, Guardian, &c.

1. WILL: CONSTRUCTION OF PROVISIONS TO KEEP THE ESTATE IN COMMON: SALE OF LAND SO DEVISED.—The testator, by his will, devised all of his estate to his widow and children in equal shares, and directed that his slaves and other personal property should be kept together on his farm, under the control of his widow, and that distribution of the personalty should be made to each of his children as they respectively arrived at full age or married; and that when his youngest child should arrive at the age of majority, or married, his real estate should then be divided, but reserving the right to any one of the distributees, who should desire it, to have the land then sold for division. The executors nominated in the will renounced, and letters of administration were granted on

the estate to the widow and her husband, who settled up the estate and closed the administration. Afterwards, on the petition of one of the devisees, a division of the realty was made under a decree of the Court of Probates, and the guardian of one of the minors procured an order to sell, and did sell, the share of his ward. Held that the provision in the will restricting the division of the realty till the youngest child became of age, or married, was material, and vested a valuable right in the minor distributees, and could not, therefore, be disregarded or set aside by the Court of Probates, and that the sale made by the guardian was void, and conveyed no title to the purchaser.

2. CHANCERY: NO RELIEF GRANTED WHEN THE DEFENCE CAN BE MADE AT LAW: GUARDIAN'S SALE.—A purchaser of land at a guardian's sale can set up the illegality of the sale at law as a defence to an action for the purchase-money, and if he fail to do so, without just cause, he cannot afterwards come into a Court of Equity for relief against the judgment.

3. SAME: PURCHASER SEEKING RESCISSION MUST OFFER TO RESTORE POSSESSION AND PAY RENTS.—A bill filed by a purchaser of realty from a guardian seeking a rescission of the contract, upon the ground of illegality in the sale, will not be entertained by a court of equity, unless the complainant offer to restore the possession to the guardian, and to account for the rents and profits during the time of his occupation.

APPEAL from the Chancery Court of Holmes county. Hon. E. G. Henry, chancellor.

*W. Brooke,* for appellant.

The court manifestly erred in sustaining the demurrer to the bill in this case. The will of W. W. Whitehead, deceased, directed his real estate to be sold when his youngest child became of age, which amounts to a prohibition to its being sold prior to that time. True, no one would undertake the execution of the will; but this did not invest the Probate Court with power to set it aside and disregard it entirely. The second objection to the sale is also well founded. The sale was made on petition of the guardian alone, without any notice to the wards.

The objection that defence could have been made at law cannot prevail; a court of law could not grant full relief by rescinding the contract and putting the parties *in statu quo.*

The purchaser is entitled to relief, because an administrator or guardian, though not bound to warrant the quality or soundness of the thing sold by him, is responsible, or rather the estate he represents is responsible for the validity of the proceeding or decree,

under which the sale is made. If this is void, the sale will be set aside. The authorities on this point are too well known to need citation.

An opinion of the court, on the first point particularly, is respectfully solicited, as the parties appellant are willing to keep the land if the title is good, or can be made so by a resale at the present time. The chief obstacle to a title is the setting aside the will by the Probate Court; if this is invalid, a title cannot be made until the arrival at age, of the youngest child, who is now about fifteen years old.

*J. J. Hooker*, for appellee.

In this case, the court below sustained the defendant's demurrer and dismissed complainant's bill, and we think the action of the court entirely correct.

The complainant's remedy was clear at law. He could, and ought to have made his defence, at law, when sued upon the note; and having failed to make his defence when the opportunity was offered him, and showing no excuse by this bill for not making his defence, a court of equity will not now give him relief against the judgment at law, where the defence was known to complainant at the time. The complainant was not ignorant of the facts necessary to his defence; for by reference to the will of W. W. Whitehead, made an exhibit in his bill of complaint, you will see that he was one of the subscribing witnesses thereto. The well-established principle of this court, by a number of its decisions, is that complainant is not entitled to the relief sought. 1 Cushm. Miss. R. 406; *Yongue* v. *Billups*, 1 Miss. Rep. 407; *Henderson* v. *Herrod et al.*, 1 Miss. Rep. 434; *Scroggins* v. *Howorth*, 1 Miss. Rep. 514; *McLaurin* v. *Parker et al.*, 2 Miss. Rep. 509.

We think the last case referred to fully settles, in every respect, the principle involved in the case now at bar. Complainant is still in the uninterrupted possession of the premises.

It may be argued by counsel for complainant, that complainant could not defend when sued at law, unless upon eviction; such (if indeed, true) could only be the case when the party is in possession under a deed of general warranty; otherwise he can always defend at law. In such a case, our Court of Appeals say, "he has carved

out his own security," and "cannot defend until there is a breach of that warranty." The case at bar is a different sort of case; the complainant is in possession, by a deed from a guardian, without warranty, and could have made his defence fully at law, there being no warranty to estop him; but having failed to do so, he will not now be heard in equity. Cases already cited.

Our Court of Appeals hold, in a defence like this, made to a note given for personal property, that the defendant cannot be countenanced in making such a defence without an offer to return the property. Admitting this defence to have been made, when sued upon the note, such an offer must have accompanied the defence. *Joslin* v. *Caughlin & Brown*, 5 Miss. R. 852.

We think the decree of the court below, sustaining the demurrer, ought to be affirmed.

SMITH, C. J., delivered the opinion of the court.

This was a bill filed in the Chancery Court for Holmes county, for the purpose of enjoining a judgment at law, recovered by William J. Wheeless, as guardian of Mary H. Whitehead, against the appellant and his sureties. The relief prayed for, is based upon the alleged failure of consideration in the bond on which the judgment was recovered, arising from the invalidity of the title to the land, sold by Wheeless under a decree of the Court of Probates, as the guardian of the said Mary H.

It appears from the bill, that Wilson W. Whitehead made and published his last will and testament, by which he bequeathed the whole of his personal estate to his wife, Mrs. Ann Whitehead, and his five children, in equal shares. He directed that his personal property, consisting of slaves, stock, &c., should be kept together, and remain upon his farm, on which he resided, under the control of his widow; and that distribution of the personal property, should be made as each child should respectively arrive at the age of majority, or should marry.

In reference to the real estate of testator, his will directed, that when the youngest child should arrive at full age, or should marry, the farm on which he lived, and the whole of his real property, should be divided, by his executors, into six equal parts, and be distributed by lot amongst his widow and his said children; pro-

viding however, that if either of the devisees should object to that method of distribution, then his real estate to be sold on a credit of twelve months, and the proceeds of the sale to be equally divided amongst them.

The will was admitted to probate by the Court of Probates of Holmes county. The executors, appointed in the will, one of whom was the widow of the testator, renounced and refused to qualify. Subsequently, letters of administration, on the estate of the testator, were granted to the widow and Andrew Herron, with whom she had intermarried. They settled up the estate, distributed the personalty, and closed their administration in 1851. In 1852, upon the petition of Isaac W. Whitehead, one of the heirs at law of the testator, a decree of the court was made, directing a division of the land of the testator amongst the heirs. A division was accordingly made; and the share or portion of Mary H. was allotted to her. She was then, and still is, a minor, and unmarried. In 1853, Wheeless was appointed guardian of the person and estate of the said Mary H., and in January of the following year, at his instance, a decree of the court was made, directing a sale, upon a credit of one, two, and three years, of her land. The decree was obtained upon the allegation and showing, that the sale would be for the benefit of the minor; and it is alleged in the bill, that the decree directing the sale, was made without notice to the minor, as required by the statute.

It appears further, that Wheeless, pursuant to the decree thus obtained, sold the land of his ward; that the appellant purchased the same, and executed his bonds for the purchase-money; that one of these bonds was put in suit by Wheeless, and that the judgment which is sought to be enjoined, was recovered upon it.

The bill avers, that the sale was illegal and void, and hence, that the appellant acquired no title to the land; first, because the division and sale were made in violation of the stipulations in the will; and secondly, because the decree ordering the sale was made without legal notice to the ward. The appellant professes his willingness to comply with his contract, and to complete his purchase, by a payment of the money, if his title shall be adjudged good; but in the event it should be declared void by the court, he prays that the guardian may be enjoined from all attempts to enforce

satisfaction of the said judgment, or payment of the two bonds still in his possession. There is also a prayer for general relief; but the bill contains no offer to restore possession of the land, and to account for the rents and profits of the same while in his possession.

The defendants in the court below filed a general demurrer to the bill, which was sustained, and the cause dismissed. From the decree dismissing the bill, this appeal is prosecuted.

By the provisions of the will, a joint estate in fee was vested in the testator's widow and his five children in all of his lands. Agreeably to the express terms of the will, the joint interest thus created could not be severed, until the youngest child arrived at full age, or married. When either of these events happened, any one of the devisees had a right to insist upon a sale of the lands, and a distribution of the proceeds, instead of a division in the mode prescribed in the will. By another direction in the will, the entire personal property was to be kept together, on the farm upon which the testator lived, under the control and management of the widow; and the shares or portions of the respective legatees, were not to be delivered to them until they successively attained full age, or married. Hence it is evident, that the provision in regard to a division of the land, and the right vested in each of the devisees, to insist upon a sale of the whole real property, instead of a division in the mode prescribed, was designed exclusively for the benefit of the widow, and of the younger children. It was not therefore simply a formal or immaterial direction in the will, which it was proper or competent for the executors to disregard, or the Court of Probates to set aside. It secured important and valuable rights, to the party whose real property, was the subject of the decree rendered in the Court of Probates for a division and sale. Hence we feel well assured, that the order for the division of the lands, and the decree directing the sale of that portion of the same which had been allotted to Mary H., were illegal and void. It results necessarily, that the sale made under the decree was equally illegal and void. It neither divested her title, nor conferred title upon the purchaser.

But the question, whether the appellant was entitled to any relief, does not depend upon the isolated fact, that no title was acquired in virtue of the sale made under the decree, by the guardian, but upon the case presented by the bill.

And in reference to the question, whether the guardian should not be restrained from enforcing the judgment at law, recovered upon one of the bonds given by the appellant to secure the purchase-price of the land, it is clear that the appellant is not entitled to relief. The bill contains no charge of misrepresentation, undue concealment, or of any act performed by the guardian, in reference to the sale, which in the estimation of a court of equity amounts to fraud. In fact, the record fully warrants the presumption, that the appellant was fully acquainted with the terms of the will, being himself one of the attesting witnesses, and with the ages of the devisees, and the condition of the estate. The demurrer admits the truth of the allegations of the bill. And the bill shows clearly, that the very grounds, upon which the aid of the Court of Chancery is invoked, constituted a valid and effective defence in the action at law; and there is no showing whatever, nor an attempt at a showing, that the appellant could not have availed himself of that defence at the trial. According to the settled doctrine of this court, he would therefore, in an ordinary case, not be entitled to the specific relief prayed for in his bill.

The point remaining to be considered is, whether the appellant, under the general prayer in his bill, is entitled to any other relief. And this must be determined by referring to the allegations and averments therein contained.

These present a single ground for relief : the failure of consideration in the bonds executed to the guardian by the appellant, for the purchase-price of the land, arising from the illegality of the sale, and the consequent invalidity of the title derived through that sale. It is manifest, that the appropriate relief arising from this ground, would be to enjoin the guardian from collecting the two remaining bonds of the appellant, now in his hands, and also to restrain the guardian from collecting the notes made by Starke and assigned by the appellant, in part payment of the said bonds. Now it is clear that this ought not to be done, unless the sale should also be declared void and set aside, and the parties placed *in statu quo*, by ordering the appellant to deliver possession of the ward's land to the guardian, and compelling him to account for the rents and profits which accrued during the appellant's possession of the same. The bill contains no offer to surrender possession, and to account

justly for the use and occupation of the land. For this reason he is not entitled to relief. A party who seeks equity, must do equity before he will be aided in a court of equity. But in this case, as a successful defence in the action at law, would not have had the effect to vacate the sale, and to place the parties *in statu quo*, and would have afforded the appellant but partial relief, he may still, in a proper case, be protected against the judgment as well as the unpaid bonds.

Upon this view, although the bill must be dismissed, it is ordered to be dismissed without prejudice.