JAMES B. SMITH *et al.*

*v.*

JOSEPH ALLEN.

1. CHANCERY JURISDICTION—*relief against judgment at law.* Chancery will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defense, or unless he was prevented from availing himself of the defense by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part.

2.  SAME—*accident—negligence.*  On bill to set aside a judgment at law, and for a new trial, on the ground that the defendant had a defense to all except nominal damages, and was prevented from making the defense on the ground of accident, it appeared that the party, at the time of the rendition of the judgment, was necessarily absent at another court, and there prepared an affidavit for a continuance, which he sent to his attorney, but that the clerk omitted, by accident, to attach his seal to the jurat, so that the same could not be used :  *Held,* that the bill was deficient in not showing with distinctness that the complainant had employed an attorney to appear for him in the case, and in failing to show that any motion was made for a continuance, or that any pleas were filed in the case.  It failed to show that complainant had used due diligence in trying to prevent the recovery.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. JAMES M. POLLOCK, Judge, presiding.

Mr. JAMES McCARTNEY, for the plaintiffs in error.

Messrs. COPE & BOYLES, for the defendant in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court :

This was a bill in equity, by Allen, the defendant, against Smith, the plaintiff in a judgment at law recovered at the April term, 1870, of the Clay county circuit court, praying that the judgment be set aside, a new trial granted, and for an injunction.  The defendants below filed a demurrer to the bill, which the court ordered stricken from the files, the bill to be taken as confessed, and a final decree, granting the prayer of the bill; from which, error was brought to this court, and several errors are assigned.  The only error assigned which will be considered, is that of striking the demurrer from the files and involving the sufficiency of the bill.

The rule in this class of cases is, that chancery will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could

not have been received as a defense, or unless he was prevented from availing himself of the defense by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part. *Foster* v. *Wood,* 6 Johns. Ch. 89 ; *Marine Ins. Co.* v. *Hodson,* 7 Cranch, 332; *Wierich* v. *De Zoya et al.* 2 Gilm. 385 ; *Ballance* v. *Loomis et al.* 22 Ill. 82.

The cause of action upon which the judgment at law was rendered, was an executory contract for the sale, by Allen to Smith, of 100 head of cattle, to be delivered at a particular place, at $16 per head. Allen admits in his bill a breach of the contract, but alleges that they would have been worth, at the time and place of delivery, no more than Smith agreed to pay for them. He does not allege that no part of the purchase money had been paid by Smith. The alleged defense went only to the amount of damages.

The grounds of application to a court of chancery set forth, are, that a circuit court was in session in Hamilton county at the same time of that in Clay county, where the judgment was obtained, and that Allen was a party to two important suits pending for trial in the Hamilton circuit court, in one of which he was plaintiff and in the other defendant, and was a necessary witness in both ; and, because he could not attend both courts, the bill alleges that he caused an affidavit to be prepared and forwarded to his attorney at Louisville, Clay county, where the court was in session, for the purpose of obtaining a continuance of said cause in the Clay circuit court ; which affidavit set forth the facts relating to the suit in Hamilton county, and having such important business at the court in the latter county as prevented his attendance at that term of the court in Clay county; that he was duly sworn to the affidavit by the clerk of the circuit court of Hamilton county, but, by mistake, the said clerk omitted to place his seal to the jurat, " by reason of which omission or mistake of said clerk said affidavit was deemed insufficient, and judgment was rendered against complainant, as aforesaid, by reason of the mistake of said clerk, as aforesaid."

The bill does not allege with that distinctness requisite to admit proof of the fact that the complainant had ever retained or employed any attorney to appear for him in that case; nor does it appear that any motion was made for a continuance, or that the affidavit was ever presented to or passed upon by the court. If an attorney had appeared and filed pleas, the case could not have been disposed of by default until reached upon regular call of the docket. In such case, if the motion had been promptly made, there might have been time, before the case was reached, for an amendment by getting the seal attached; or the court, upon discovering the mistake, might, in its discretion, have suspended proceedings for the purpose of the amendment. As the case is presented by the bill, the accident of omitting the seal, and its results, do not appear to be unmixed with the negligence or fault of the defendant in the judgment.

The bill is insufficient. The decree of the court below must be reversed and the cause remanded, with leave to defendant in error to amend his bill.

*Decree reversed.*