## JOSEPH ALLEN

### *v.*

## JAMES B. SMITH *et al.*

CHANCERY—*granting new trial at law.* Courts of equity never decree a new trial in a suit at law, when the complainant has been guilty of *laches* in defending. He must use all reasonable efforts to make his defense at law, and must be prevented by accident, mistake or fraud. If he is guilty of negligence in making his defense at law, he has no claim to equitable relief.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. WILLIAM HAMILL, for the appellant.

Mr. H. H. CHESLY, and Mr. JAMES McCARTNEY, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

At the April term, 1870, of the Clay circuit court, appellees recovered a judgment, by default, against appellant, for the sum of $1500. Afterwards, an execution was issued upon the judgment, and was levied on some of appellant's property. He, thereupon, filed this bill, and obtained a temporary injunction, and, after a change of venue, a demurrer was interposed to the bill, which was overruled by the court, and defendant declining to answer, the bill was taken for confessed, and the relief sought was granted, by decreeing a new trial at law. Defendant thereupon brought the case to this court, at the June term, 1872, (63 Ill. 474,) when the decree of the court below was reversed, and the cause was remanded with leave to complainant to amend his bill, which was done.

After the bill was amended defendant answered, and on a hearing on the bill, answer, replication and proofs, the relief was denied and the bill was dismissed, and a decree for $150 damages for wrongfully suing out the injunction was rendered, and complainant appeals to this court, and asks a reversal.

The grounds relied upon for relief are, that complainant had several suits pending in the Hamilton circuit court, the county of his residence, in which he claims he was a material witness, and that he was also a material witness in the case pending in the Clay circuit court; that both courts sat at the same time, and he could not be present at both courts at the same time; that the two places of holding the courts were distant from each other about sixty miles, and that there was no railroad communication between them; that he procured an attorney to prepare an affidavit for a continuance in the suit in the Clay circuit court, and sent it by a person going to that place, with directions to employ an attorney to procure the continuance for him. The person to whom it was handed, on arriving at the Clay circuit court, handed the affidavit to an attorney, with a request that he attend to the matter; but the affidavit lacked the seal of the clerk before whom it was sworn to, and was, therefore, defective. The continuance was not obtained, nor is it by any means certain that the attorney undertook to appear in the case, for the want of a fee, which was not sent or offered to him, nor does it appear that any motion was made for the purpose; and we are inclined to the opinion that it was not made, as it appears the affidavit was found lying under a table in the court room, and was brought back by the person who had been intrusted to deliver it to an attorney. We can not suppose that, if the affidavit had been filed and the motion made, it would have been treated as waste paper, as this seems to have been. The attorney does not testify that he did appear, or that he regarded himself as retained. And we infer that he did not, or he would evidently have taken some steps, by mail, messenger, or otherwise, to have returned the affidavit to appellant, that he might have corrected the omission of the clerk, and had it returned in time to have been used as desired. At such a distance, it could have required but little more than two days for a messenger to have made the journey and returned. But this was not done, and we presume it was because money had not been furnished the attorney, and not regarding himself as retained, he did not feel it his duty to advance it, or guar-

antee the payment of the expenses of a messenger for the purpose.

But it appears the Clay circuit court commenced a week earlier than the Hamilton circuit court. And this being so, no reason is perceived why appellant did not attend court in person the first week of the term, and employ counsel, and, if necessary, have prepared for his defense. Court commenced in Clay county on the 25th day of April, and on the following Thursday, being the 28th, the case was placed at the foot of the docket, and was afterwards called for trial on the Tuesday of the second week of the term, when the default was entered. The Hamilton circuit court commenced, as appears by the statute, on the second day of May, or the day before the default was entered. Had plaintiff been in attendance the first week of the term in Clay county, we infer that a trial would have been had during that week, or he could have obtained a continuance on the day the case was placed at the foot of the docket, as the record recites the plaintiff was not ready for trial, and we infer the case was then called for trial.

In cases of this character, courts of equity never grant relief when the complainant has been guilty of *laches* in defending the suit at law. He must use all reasonable efforts to prepare and make his defense at law, and must be prevented by accident, mistake or fraud. See *Ballance* v. *Loomis*, 22 Ill. 82; *Owens* v. *Ranstead*, ib. 161; *Camp* v. *Fincher*, 27 ib. 346; *Buntain* v. *Blackburn*, ib. 406; *Albro* v. *Dayton*, 28 ib. 329; *Ramsey* v. *Perley*, 34 ib. 504; *Staley* v. *Murphy*, 47 ib. 241; *Shaffer* v. *Sutton*, 49 ib. 506; *Smith* v. *Powell*, 50 ib. 21; *Smith* v. *Allen*, 63 ib. 474. If a party is guilty of negligence in making his defense at law, he has no claim to equitable relief.

In this case, as we have seen, appellant was guilty of gross negligence in failing to attend the Clay circuit court, nor was he prevented by accident, mistake or fraud. It seems his non-attendance grew out of a careless indifference to his own important interests. The facts disclosed on the hearing totally fail to make out a case, nor can we look to the hardship, as

that is not ground of relief when it is the consequence of his own negligence. We regret his misfortune, but, so far as we can see, it is the result of his own negligence, and being such, the law can afford him no relief.

The decree of the court below must be affirmed.

*Decree affirmed.*