PATCHELL v. HARPER *et al.*

No. 3380.    Opinion Filed March 24, 1914.

(139 Pac. 985.)

**JUDGMENT—Set-Off by Judgment Debtor—Attorney's Lien.** Where H. secured a judgment in the district court against P., who thereupon filed a motion to set the same off against a judgment which he had theretofore obtained against H. before a justice of the peace, and where, before the motion was passed upon, an attorney's lien attached to H's judgment for 50 per centum thereof, **held,** that the lien was not in the way of a set-off, and that the court erred in overruling the motion as to the 50 per centum of the judgment sought to be applied.

·(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by O. W. Patchell against Harmon Harper and J. W. Hocker. Judgment for defendants, and plaintiff brings error. Reversed with directions.

*Marion Henderson* and *J. S. Jenkins,* for plaintiff in error.

*Rennie, Hocker & Moore,* for defendants in error.

TURNER, J.   From a judgment of the district court of Mc-Clain county rendered and entered October 14, 1910, overruling the motion of O. W. Patchell, plaintiff in error, plaintiff below, to set off a judgment of $150 and costs, which the defendant Harper had then and there recovered against him, against a judg-ment for $185 and costs, which he theretofore recovered against Harper before a justice of the peace, an abstract of which was on file with the clerk of said court and made an exhibit to the motion, Patchell brings the case here. We say the court over-ruled plaintiff's motion, for such was the effect of his action. What he really did, however, was to set off 50 per centum of the judgment which Harper had obtained against Patchell and re-fused to set off the remainder for the reason that after motion had been filed, and before it was passed upon, J. W. Hocker, attorney for Harper, asserted a lien thereupon, after the clerk had entered said judgment, by writing on the margin of the record, "Judgment claimed in fifty per centum of the amount received, J. W. Hocker," pursuant to Comp. Laws 1909, sec. 261, which reads:

"4.  *  *  *   After judgment in any court of record such notice may be given, and the lien made effective against the judg-ment debtor, by entering the same in the judgment docket opposite the entry of the judgmnt."

In refusing to set off the entire judgment the court erred. In *Turner v. Crawford,* 14 Kan. 381, the object of the suit, which was brought by Crawford, was to compel certain judgments which Turner had secured against him to be set off against a judgment which he had secured against Turner and for judg-ment for the balance due plaintiff. After Crawford's judgment had been rendered an attorney's fee had accrued as a lien upon the Turner judgments in favor of their assignee. The court

held that neither assignment nor attorney's lien was in the way to a set off, and judgment went accordingly. The court said:

"We do not think that the assignment of the Turner judgments, to Hadley & Glick, or their attorneys' lien on said judgment, can make any difference in this case. Crawford's claim and judgment existed prior to the Turner judgments, prior to said assignments to Hadley & Glick, and prior to their attorney's lien. Turner could therefore not assign his judgments, nor the claims upon which they were rendered, nor incumber such claims or such judgments with attorney's liens, or any other kind of liens, so as to defeat Crawford's right to have his judgment or his claim compensate and pay the Turner judgments or claims. A Judgment is not like negotiable paper. It may be assigned, but will still be subject to all defenses, counterclaims and set-offs which the judgment debtor might, at the time of the assignment, have against it. This right of Crawford to have his judgment compensate and pay the Turner claims and judgments existed from the time the Crawford judgment was rendered down to the present time, and still exists, except possibly during the time the Crawford judgment was pledged to Bartlett & Hale to secure attorney's fees, Crawford's right to use said judgment would have been subject to the consent of Bartlett & Hale. If Turner had not assigned his judgments, or incumbered them with attorney's liens, his right to have his demand compensate that of Crawford up to the amount of his demand would have existed, notwithstanding the assignment of the Crawford judgment to Bartlett & Hale.

"The view we have taken of this case is in accordance with our statutes. An action may be maintained in this state on a domestic judgment. *Burnes v. Simpson,* 9 Kan. 658. If either Turner or Crawford had commenced an action against the other on his judgment the other could have set up his judgment as an offset (Gen. St. 648, 649, secs. 94, 98) and section 100 of the Code provides that 'when cross-demands have existed between persons under such circumstances that, if one has brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other, but the two demands must be deemed compensated, so far as they equal each other.' Gen. St. 649. The view we have taken in this case is also in accordance with equitable principles."

—and affirmed the judgment of the trial court. The statute there construed is identical with Comp. Laws 1909, sec. 5640. See, also, *Hroch v. Aultman & Taylor,* 3 S. D. 477, 54 N. W. 269.

Defendants in error have failed to file brief.   Reversed with directions to set aside the judgment, and render and enter a judgment pursuant to this opinion.

All the Justices concur.