ADAMS *v.* HUDSON *et al.*

[78 South. 545, Division B.]

WILLS. *Rents and profits of land. Construction.*
> Where a testator by his will provided that his daughter and her three named children should have exclusive possession and benefit of his lands until the youngest reached twenty-one years and afterwards the daughter had another child and died, in such case the last child of the daughter was not. entitled to share in the rents and profits of the land before the time fixed for the division of the land as provided in the will.

APPEAL from the chancery court of Yazoo county.
HON. O. B. TAYLOR, Chancellor.

Petition by Odessa Adams, a minor, by her next friend, against Inez Hudson and others. From a decree dismissing her petition, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Campbell & Campbell,* for appellant.

Counsel for appellant in his brief admits, that if the will established a trust in the executor that the appel-

lant has no cause of action. We think that the will does this, and gives the management and control of the plantation to the executor, until the youngest child becomes twenty-one years of age the trust being that the executor was to manage and control the plantation and apply the rents, issues and profits for the support of the beneficiaries mentioned in the will to wit: Inez. Hudson, Alva Hudson, Richard D. Lee Hudson, Minors, and their mother, Ida Hudson.

After the death of Elias Kincade, Ida Hudson married one Tom Adams, and had one child by Tom Adams, Odessa Adams the appellant. We think that the proper construction of the will of Elias Kincade is that Ida Hudson and her children Inez, Alva and Richard DeLee Hudson are entitled to the unsufruct of the entire plantation until the youngest child becomes twenty-one years of age, that is the youngest of the said Hudson children. When the youngest of said Hudson children arrives at twenty-one years of age, then the fee-simple title to the upper part of the plantation would vest in Ida Hudson and her three Hudson children. The extent of the rights of appellant are, that when the youngest of the Hudson children arrives at twenty-one years of age, that she then will inherit a one-twentieth interest in the upper part of the lands of Elias Kincade, deceased, provided that Tom Adams, the husband of Ida Adams is living when the youngest Hudson child becomes twenty-one years of age. Until the youngest Hudson child becomes twenty-one years of age, Odessa Adams the child of Ida Adams, and Tom Adams, is not entitled to the rents, issues and profits of said land.

*Wise & Bradforth,* for appellee.

For the sake of argument, let us take the will, as if the words: "For their maintenance and support," were not included, then the will would read, "I will,

bequeath and dispose of my real estate as follows, to
wit: I desire that my grandchildren and their mother
all mentioned in item 1 of this will (as so mentioned,
"Inez Hudson, Alva Hudson and Richard Delee Hud-
son and their mother Ida Hudson") to have exclusive
possession and benefit of my real estate until the young-
est child becomes twenty-one years of age." Then fol-
lows the disposition over of which, at present, we have
no direct concern.

The devise quoted above conveys unto the Hudson
minors and their mother the exclusive possession and
benefit of the realty for an indefinite term of years,
to be determined on the arrival of the youngest one
(who may be living at the time) to the age of twenty-
one. At common law, such a devise would create a
joint-tenancy in the Hudson minors and their mother.

"An estate in joint tenancy is where lands or tene-
ments are granted or devised to two or more persons,
to hold in fee-simple, for life, for years, or at will,
Minor, on real property; section 878, and, under that state
of the law, on the death of their mother, the Hudson
minors would have succeeded to her interest therein
under the doctrine of survivorship." 2 Blackstone Co.,
183, 184, see *Nichols* v. *Denny,* 37 Miss. 59, but in this
state, by section 2770 of the Code of 1906, "All con-
veyances or devises, if made to two or more persons,
or to a husband and wife, shall be construed to create
estate in common and not in joint tenancy or entirety,
unless it manifestly appears from the tenor of the instru-
ment, that it was intended to create an estate in joint
tenancy or entirety with the right of supervisorship;
but this provision shall not apply to mortgages or de-
vises, or conveyances made in trust. In order for this
statute not to lift the devise in question from under the
common-law incidents of a joint tenancy, the will must
show: (1) that manifestly the right of supervisor-
ship was intended to be reserved; or (2) that the de-

vise was made in trust. Neither of these is shown by
the will. As to the efficacy, in this particular or the
statutory reservation number 1, it may be dismissed
by the definition of "manifestly," clearly, without need
of interpretation; that is, the reservation should have
been actually expressed in the will. As to, reservation
number 2 whether the devise was made in trust, a slight-
ly more complicated situation results. The case of
*Commissioners of Sinking Fund* v. *Walker,* 6 How
(Miss.) 143, 38 Am. Dec. 433, is a leading case in con-
nection with trusts. In the body of that case (on page
169) a trust is said to exist where a fund (or property
of any kind) is transferred to certain persons to be
applied to a certain use, for the behalf of third parties
and that three things are indispensable to constitute
a valid trust: (1) sufficient words to raise it; (2)
a definite subject; (3) a certain object. In the instant
case, the gift was directly to those who must be regard-
ed as the beneficiaries, if a trust could be shown to ex-
ist." I desire that my grandchildren and their mother
. . . have exclusive possession and benefit of my real
property, not that the benefit and profits of this real
property be turned over to them by some other person
to whom the possession was given. The grandchildren
and the mother were the holders of the legal title as
well as the beneficial use for the indeterminated term
of years, and consequently, there was no possibility of
the entrance of any one in whom a trust could be re-
posed, save the person appointed by the will to control
and cultivate the plantation and surely the court could
not construe his management of the plantation whose
exclusive possession and benefit was given the Hudson
minors and their mother, as creating a trust, as further
evidence of the fact that there was no intention to create
a trust but to provide a home in their own name and
a source of direct income to the Hudson minors and
their mother. The testator provided for the appoint-

ment of a guardian for the minors in event a guardian of their property became necessary, which action would have been entirely useless, if the estate were in trust, and the appointment of a new trustee only would have been necessary. Here the trust is fundamental; the holding by one of the title, for the benefit of another, is entirely absent.

And again, while in this case there is a certain object and a definite subject present, yet the first requisite to establishing a valid trust fails; sufficient words to raise it. Instead of the precatory words, "I desire" here, establishing a trust in equity the previous words: "I will, bequeath and dispose of my real estate as follows, to wit:" . . . make an absolute gift for years, when the precatory word "desire" cannot tone down to the qualified gift of a trust estate.

The terms of the will do not manifestly show that the *jus accrescendi* is reserved, nor do they show the establishment of a trust; consequently, the Hudson minors and their mother, under the will, read with section 2770 of the Code of 1906, hold the possession and benefit of the term of years in common, unless the devise is affected in a fundamental manner by the words we exclude for the purpose of this argument.

We now take up the effect of the words not included in the above argument; "for their maintenance and support," the complainant contends that they have no effect either as a condition or as tending to raise the presumption of a trust.

As to their creation of a condition; such a supposition is utterly untenable. The gift in this case is not for maintenance and support till the youngest child becomes twenty-one, but a gift of the possession and benefit of certain property till the youngest child should become twenty-one for their maintenance and support.

These must be either a condition or the statement of the motive underlying the gift. If it be a condition,

then it is one in restraint of alienation of the property devised by the very terms of the devise. And conditions in restraint of alienation, even of a term of years, where not necessary for the protection of the remaindermen, are not favored (Minor, Real Property, Sec. 588) and where no restraint upon the alienation of the possession or benefit was necessary to protect the remaindermen. The presumption is, therefore, that the statement was not that of a condition but an impelling cause, and so the decided case hold; thus, where there was a testamentary gift to a widow of the income of an estate "to be for her comfort and support," it was held that these words did not render the property inalienable (though such a condition might have been valid under the laws of the particular jurisdiction. *Maynard* v. *Cleaves*, 149 Mass. 307, 21 N. E. 376, the court said: "The words to be for her comfort and support, at most, express the motive and purpose of the gift, but cannot be held to make the gift conditional. They have little, if any, more significance than the words "to be for her benefit and enjoyment, and are not sufficient to cut down the clearly expressed absolute gift to a qualified or conditional one." For, in order to give such a qualified estate, instead of an absolute one, the language of the testator must be such as to clearly import an intention to do so. See *Maynard* v. *Cleaves, supra; Slattery* v. *Wason* (Mass.), 7 L. R. A. 393, 395.

Having demonstrated, that the words above quoted —for their maintenance and support—were merely descriptive of the testator's intention or motive in making the gift, then it is clear that they could not be efficacious in establishing a trust.

STEVENS, J., delivered the opinion of the court.

Appellant, Odessa Adams, a minor, by next friend, exhibited her bill in the chancery court of Yazoo county against appellees, who are devisees under the last will

and testament of one Elias Kincaide, deceased, to re-
cover an undivided interest in the rents and profits of
certain real estate in which the complainant now claims
a vested interest. The testator left a portion of his
plantation to his sons and the children of a deceased
daughter, but the interest of these latter are not involved
in the present litigation. The testator had a daughter
living at the time the will was executed and at the time
of his death, and this living daughter, Ida Hudson, had
three children, Inez Hudson, Alva Hudson, and Richard
Delee Hudson, grandchildren of the testator. By the
terms of the will all of the personal property was be-
queathed to Ida Hudson and her three children, and by
item 2 a portion of the real estate is devised as follows:

"I will and bequeath and dispose of my real estate
as follows, to wit: I desire that my grandchildren and
their mother as mentioned in item one of this will (Inez
Hudson, Alva Hudson, and Richard Delee Hudson and
their mother, Ida Hudson) to have exclusive possesion
and benefit of my real estate for their support and main-
tenance until the youngest child becomes twenty-one
years of age. Upon the arrival of the youngest of the
above named grandchildren, at the age of twenty-one
years who may be living at that time, I will and bequeath
to the said grandchildren, named in item one of this
will, and their mother Ida Hudson, to have and hold in
fee simple all that portion of my plantation in Yazoo
county, known as the Upper Place," etc.

Items 3 and 4 of the will then read as follows:

"Item 3. I nominate and name as executor of this
my last will and testament, R. L. Bennett, and direct
that he be not required to give any bond, and he shall
determine what amount will be necessary to be expended
in the control and cultivation of said plantation and it
shall be controlled and cultivated under his orders and
direction.

"Item 4. I hereby appoint the clerk of the chancery court guardian of my grandchildren, the children of Ida Hudson in the event a guardian of their property shall become necessary."

After her father's death, Ida Hudson and her children used and enjoyed the portion of the plantation devised to them under the terms of this will, but there arose a contingency which does not seem to have been anticipated by the testator. Ida Hudson intermarried with one Joe Adams, and the issue of this second marriage is Odessa Adams, the complainant in this cause. After the birth of Odessa, Ida Adams died intestate, leaving as her heirs the three Hudson children by the former marriage and the complainant, Odessa Adams. S. S. Griffin was appointed the guardian of the Hudson minors and thereafter became the guardian of Odessa Adams. Subsequent to the death of Ida Adams, the other parties named in the will of Elias Kincaide, deceased, filed their petition in the chancery court of Yazoo county 'against the three Hudson minors, S. S. Griffin, their guardian, and R. L. Bennett, the executor of the will, setting out the will, the remarriage of Ida Hudson, the fact that the testator, Elias Kincaide, was a widower and lived with his daughter, Ida, and that his said daughter kept house for him, and asked for a construction of the will, and especially as to whether any portion of the real estate could be set apart to the sons and to the children of the deceased daughter, who are expressly made devisees of a portion of the real estate. The executor and S. S. Griffin, the guardian of the Hudson minors, joined in the petition for a construction of the will. On this petition the chancellor, in June, 1917, construed the will, holding that:

The "petitioners under the will of Elias Kincaide, deceased, are not entitled to partition of any of the real estate mentioned in the petition until the youngest of the minor defendants becomes twenty-one years of age,

and that said Hudson minors are entitled to rents, issues, and profits of all the land owned by Elias Kincaide, deceased, for their support, maintenance, and education.''

Odessa Adams was not a party to this proceeding. After Mr. Griffin had been appointed guardian of Odessa Adams, he filed a motion asking the court to construe the will, to know whether he, as guardian of Odessa Adams, was entitled to claim any of the rents and profits of the land, and in response to this motion the chancellor decreed that petitioner's ward was ''not entitled to any part of the income of the lands devised to the mother of said minor.'' These decrees of the chancellor are now pleaded as *res adjudicata* to the proceedings here instituted by appellant for an accounting and for an interest in the rents, issues, and profits of the plantation. To the petition of appellant in the present case S. S. Griffin, guardian of the three Hudson minors, and R. L. Bennett, executor, filed separate answers, taking issue with the complainant upon her construction of the will, and denying any of the relief prayed for. The chancellor dismissed the petition, and from his decree appellant prosecutes this appeal.

The only question, aside from the question of *res adjudicata,* is the construction of the will of Elias Kincaide, deceased, copy of which is made an exhibit to the bill. In disposing of this appeal we shall not base an affirmance upon the plea of *res adjudicata*. The petition of S. S. Griffin, guardian of Odessa Adams, asking for a construction of the will, was an *ex parte* proceeding. There were no defendants, and no issue framed. It was more in the nature of a routine or collateral matter in the handling of the minor's business. In the other proceeding of *Robt. Kincaide* v. *Inez Hudson et al.,* No. 3874, appellant was not a party. But, under the view which we entertain of the will, it is unnecessary to decide what effect or bearing the former decrees of the

court have upon the present issue. The main relief
sought by the present petition is that the "complainant
be invested with all profits heretofore accrued to which
her interest as heir of the said Ida Adams would en-
title her, and for such other relief general and special
as to" the court may seem meet, and that complainant
"be decreed and entitled to participate in the possession
and benefit" of said estate. It appears, then, that the
primary object of the bill is to share in the profits or
to enjoy the usufruct of the plantation. It is conceded
that the Hudson children have not yet arrived at the
age of twenty-one years. This being so, under the plain
terms of the will, the plantation should not be partited,
but Inez, Alva, and Richard Delee should continue to
enjoy "the exclusive possession and benefit" of the said
real estate "for their support and maintenance until
the youngest child becomes twenty-one years of age."
This is the plain direction of the will, and this direction
of the testator, being a lawful provision, becomes the
law of this case. The provisions of the will here pre-
sented for construction are very similar to the will con-
strued in *Lowe* v. *Barnett, Adm'r*, 38 Miss. 329. In the
Lowe case the estate was bequeathed to the widow and
children, and in that case, as in the present case, the
mother of the children subsequently married, and the
suit was initiated by the child of the second marriage.
In that case the court held:

"That the keeping of the property together until one
or the other of these events should take place [until the
youngest child should become of age or marry] was a
trust intended by the testator to be performed specially
by his executors in the will," but that this "does not
the less make it an express and positive condition to
the division of the property between the parties to
whom it is bequeathed, according to the terms specified,
nor authorize the court to disregard the plain disposi-
tion of the property by the testator;" that "these con-

ditions, as to the division of the property, are limitations upon the estate, which must attach to it, and cannot be disregarded.''

See, also, *Shipp* v. *Wheeless,* 33 Miss. 646; *Hancock* v. *Titus & Co.,* 39 Miss. 224.

Appellant, then, is not yet entitled to share in the profits or possession of the estate. It follows from what we have said that the bill in this case was properly dismissed. It does not follow, however, that Ida Hudson did not have a vested interest in the estate which upon her death descended to her heirs at law. We are inclined to the view that under the provisions of the will Ida Hudson took the same character of estate which the court in the Lowe-Barnett case awarded to the widow; that this interest vested at the testator's death; but, as said by the court in the Lowe case, ''as she was to have the charge of the children, it was not to be enjoyed by her in severalty, until the youngest child, who was committed to her care, became of age,'' etc.; that the interest of both mother and children were vested interests, but the estate was not to be divided, and accordingly the interest of each in severalty was not to be turned over or delivered until the youngest child becomes twenty-one years of age. We say this much to prevent the decree in this case from operating as a bar to the right of appellant hereafter to sue for an undivided interest in the estate when the youngest one of the Hudson children becomes twenty-one years of age, and we expressly direct that this cause be affirmed without prejudice to the rights of appellant to bring another proceeding at the proper time.

*Affirmed.*