## SCRIVNER v. McCLELLAND.

No. 9701—Opinion Filed Sept. 17, 1918.

Rehearing Denied Dec. 24, 1918.

On Rehearing, July 29, 1919.

(Syllabus by the Court.)

1. **Set-Off and Counterclaim—Equitable Relief—Insolvency.**

Courts of equity have the power to allow set-offs of mutual demands where such relief is necessary to enable the party claiming it to collect his claim; and, where other equitable grounds exist, the insolvency of the party against whom the relief is sought will authorize the invoking of such equitable remedy.

2. **Judgment—Conclusiveness.**

A judgment of a court of competent jurisdiction in a former action between the same parties is conclusive on the parties to a pending suit only upon questions and rights litigated and determined or which might properly have been adjudicated in such former action.

3. **Limitation of Actions — Set-Off — When Barred.**

A set-off pleaded in plaintiff's petition for the purpose of liquidating a judgment in favor of the defendant against the plaintiff is not barred by the statutes of limitation until the demand of the defendant is barred.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by E. H. Scrivner against J. H. McClelland. From judgment on demurrer, for defendant, plaintiff brings error.

Reversed and remanded, with directions to overrule the demurrer.

Stanley & Osborn and J. B. Dudley, for plaintiff in error.

Thompson, Patterson & Farmer, and Carr & Henderson, for defendant in error.

RAINEY, J. In this action E. H. Scrivner, plaintiff in error, was plaintiff, and the defendant in error, J. H. McClelland, was defendant in the trial court, and the parties will be so designated here.

The appeal is from an order sustaining a demurrer to the plaintiff's petition. The material matters alleged in said petition, briefly stated, are as follows: In the latter part of the year 1914 plaintiff and defendant were jointly interested in some crops and live stock. Differences arose between them, which resulted in submitting their controversy to arbitrators under an agreement that said arbitrators were to value their jointly owned property, and that Mr. Scrivner was to pay Mr. McClelland appraised value for his interest in said property, whereupon the former was to become the owner of all of said property theretofore jointly owned. Mr. Scrivner instituted certain litigation in the district court of Garvin county, seeking to set aside the award of the arbitrators, in which action Mr. McClelland pleaded the award and asked to have the same entered as the judgment of the court. This was done, and from the judgment so rendered an appeal was taken to the Supreme Court, where it was affirmed. Scrivner v. McClelland, 67 Oklahoma, 168 Pac. 415. It was further alleged in the petition that prior to the award plaintiff and defendant had an equal interest in the crops, and that the arbitrators so found, but that pending the litigation over the award Mr. McClelland remained in possession of all of said crops, of the approximate value of $1,338, and that during said time he converted the same to his own use and benefit; that under the award and judgment of the court the same became the property of the plaintiff; that defendant became liable to the plaintiff for the conversion of said crops in the sum of $1,338; and that said sum was in excess of defendant's judgment against the plaintiff. It was also alleged in plaintiff's petition that said judgment represents the purchase price of the property converted by the defendant; that the defendant is insolvent; and that, if the plaintiff is required to pay the judgment, he will lose the amount of his claim against the defendant. Plaintiff prayed for a restraining order, and averred that, unless restrained, the defendant would cause execution to be issued and levied upon plaintiff's property. Plaintiff then tendered into court

the money due under the judgment in favor of the defendant, and asked that the court adjudicate the value of the crops alleged to have been converted by the defendant, and that the sum due to the plaintiff by the defendant by said conversion be offset against said judgment, and that pending the final determination of the case the defendant be enjoined from enforcing his judgment. The district court denied the temporary injunction, but after the appeal was filed this court granted this temporary relief. The questions raised and decided on the former appeal will fully appear from the opinion in Scrivner v. McClelland, supra.

In determining the correctness of the ruling of the trial court, we must bear in mind that the demurrer admits every material fact properly stated in the plaintiff's petition. C. E. Sharp Lumber Co. v. Kansas Ice Co. et al., 42 Okla. 689, 142 Pac. 1016.

Courts of equity have the power to allow set-offs of mutual demands where such relief is necessary to enable the party claiming it to collect his claim. Patchell v. Harper et al., 40 Okla. 530, 139 Pac. 985, and cases there cited. And, where other equitable grounds exist, the insolvency of the party against whom the relief is sought will authorize the invoking of such equitable remedy. Patchell v. Harper, 40 Okla. 530, 139 Pac. 985; Caldwell v. Stevens, 64 Oklahoma, 167 Pac. 610, L. R. A. 1918B, 421; Machado v. Borges et al., 170 Cal. 501, 150 Pac. 351.

But in support of the judgment of the trial court the defendant contends that the demurrer was properly sustained, and says that the judgment in Scrivner v. McClelland, supra, is res judicata in this action, and also that the plaintiff's claim is barred by the statute of limitations.

The first contention is not well taken. A regular judgment of a court of competent jurisdiction, while it remains in force, is conclusive not only as to matters which were litigated, but as to every ground of recovery or defense that might have been presented and determined therein. Ely Walker Dry Goods Co. v. Smith et al., 69 Oklahoma, 160 Pac. 898; Bank of Chelsea v. School Dist. No. 1, Rogers County, et al., 62 Oklahoma, 162 Pac. 809; Deming Investment Co. v. Shannon et al., 62 Oklahoma, 162 Pac. 471.

Still such a judgment is conclusive on the parties to a pending suit only upon such questions and rights that were litigated and determined, or which might properly have been adjudicated in such former action. Parks et al. v. Haynes et al., 52 Okla. 63, 152 Pac. 400; Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099; Norton v. Kelley, 57 Okla. 222, 156 Pac. 1164.

It is insisted that the plaintiff should have litigated in the former actions or have pleaded as a set-off his claim for the conversion by the defendant of plaintiff's share of the jointly owned property, and in order to clearly understand the issues in that action the defendant has invited us to examine the record in that case. This we have done, and we find that, while the action was one consolidated with a replevin action instituted by plaintiff against defendant for recovery of the property, after McClelland brought his action setting up and asking judgment on the award of the arbitrators the only question litigated and considered at issue either by the court or the parties to the action was whether the award was entitled to be entered as the judgment of the court. In that action Mr. Scrivner assailed the award, and did not claim title under the award to all the jointly owned property. It does not appear that it would have been proper in said action for him to have counterclaimed for the conversion of said property. He would have taken a most inconsistent position after having assailed the award as fraudulent to have claimed title to all the property under it. But it is insisted by defendant that the judgment in the first action was not that Scrivner should take all the property and pay McClelland the value of his part as fixed by the arbitrators, as alleged in plaintiff's petition. but was merely a money judgment in McClelland's favor against Scrivner. The judgment is silent as to the ownership of the property, but the plaintiff's petition in this case alleges that Scrivner was to take the property upon the payment of the award, and this was undoubtedly the effect of the judgment in the former action under the issues made therein. The law regards substance rather than form.

The action was not barred by the statute of limitations. Section 4746, Rev. Laws of 1910, so far as pertinent, provides that "such set-off or counterclaim shall not be barred by the statute of limitation until the claim of plaintiff is so barred." See, also, Stauffer et al. v. Campbell, 30 Okla. 76, 118 Pac. 391.

The defendant is seeking, according to plaintiff's petition, to have execution issued against the plaintiff to collect the purchase price of the property, the title to which vested in Mr. Scrivner upon the rendition of the judgment enforcing the award of the arbitrators, and unless the court interferes by taking jurisdiction of the present action. it appears, if the allegations of the petition are true, that Mr. Scrivner will be compelled to pay the purchase price of a portion of the property that had been converted by the very party who is seeking to collect its value. To permit this would violate the plainest princi-

ples of right and justice. We think the petition stated a cause of action.

The cause is therefore reversed and remanded. with directions to overrule the demurrer.

All the Justices concur, except SHARP, J., dissenting in part.

### On Rehearing.

PER CURIAM. Second petition for rehearing denied.

SHARP, J. (dissenting in part). I cannot concur in much that is said in the court's opinion. I think that paragraph 1 of the petition states a good cause of action, and that the trial court erred in sustaining a general demurrer to the petition. It is in the discussion and pronouncement of law applicable to the second paragraph of the petition, wherein equitable relief was sought, that I believe the court is in error.

The court first holds that—

"Courts of equity have the power to allow set-offs of mutual demands where such relief is necessary to enable the party claiming it to collect his claim," citing as authority Patchell v. Harper, 40 Okla. 530, 139 Pac. 985.

The case is not in point. There Patchell sued Harper in the district court; Harper answered setting up a counterclaim against Patchell; judgment was for Harper on his counterclaim for $150. Previously Patchell had recovered a judgment againts Harper in a justice of the peace court for $185. Patchell then moved, in the district court, to have the judgment against him set off by the judgment in his favor against Harper. The causes of action were separate and the judgments obtained in different courts. It does not even appear that, at the time Patchell's judgment against Harper was obtained, Harper had any claim whatever against Patchell. No question such as that now under consideration was involved.

The further statement in the opinion that, "where other equitable grounds exist, the insolvency of the party against whom the relief is sought will authorize the invoking of such equitable relief," and which cites Patchell v. Harper, 40 Okla. 530, 139 Pac. 985, Caldwell v. Stevens, 64 Oklahoma, 167 Pac. 610, L. R. A. 1918B, 421, and Machado v. Borges, 170 Cal. 501, 150 Pac. 351, as authorities, is not authorized by the opinions relied on. The question was not involved in Patchell v. Harper, while in Caldwell v. Stevens the latter had pleaded as an equitable set-off his claim against Caldwell, and this (except as to one item in which the proof failed) was sustained on appeal; attention being called to section 5033, Mansfield's Digest, providing that the

defendant may set up in his answer "as many grounds of defense, counterclaim, and set-off, whether legal or equitable, as he shall have." No question of setting off judgments or for injunctional relief was involved. The California case of Machado v. Borges does not fully sustain the rule announced in the majority opinion. In that case the mutual demands, as found by the court, did not arise out of the same transaction, and, as the court said:

"The cause of action on the notes was therefore not affected by the omission to make it the basis of a counterclaim."

In Elms v. Arn, 59 Okla. 235, 158 Pac. 1150, we held that, where there are mutual judgments in the same court between the same parties, the court has the power to set off one judgment against the other, either in equitable proceedings or upon motion, but that the exercise of this power is, in a measure, discretionary, and the determination thereof is rested upon strictly equitable principles. It was held that, there being an absence of any evidence (of equitable consideration), the mere existence of the two judgments did not give the defendant the right to have one judgment set off against the other. The case at bar involves no off setting of mutual judgments for the very good reason that there is but one judgment.

The statement that a valid judgment is conclusive, not only as to matters which were litigated, but as to every ground of recovery or defense that might have been presented or determined, appears to be in conflict with the further statement later on in the opinion to the effect that the award of the arbitrators was the only question litigated and considered. In fact, there was pleaded and consolidated with McClelland's action on the award, Scrivner's action in replevin, so that not only might Scrivner have put in issue his ownership and right of possession of the property, the subject of the award, but it seems that, at least as to a portion of the property, he actually did so. This appears quite clear from the opinion of the court in the former case (Scrivner v. McClelland, 67 Oklahoma, 168 Pac. 415), wherein it was held that the consolidated causes of action each grew out of the contract between Scrivner and McClelland, and "were fully adjudicated by the award of the arbitrators." Also by the averments of paragraph 2 of plaintiff's petition, charging that his demands against plaintiff existed prior to the rendition of the judgment against him, and that the judgment which he is now seeking "is for the conversion of the identical personal property. the purchase price of which has been merged in the judgment in favor of defendant and against plaintiff." It is on account

of these allegations of the petition, made, we assume, for the purpose of invoking equitable relief, that confusion has arisen, and at which averments, no doubt, defendant's demurrer was principally directed. If, in fact, the present action is to recover for the conversion of personal property involved in the original replevin action, it would seem that to that extent the original judgment, affirmed in this court, would be conclusive, as it could hardly be said that one may bring an action in replevin for specific articles and fail of recovery, and then in a subsequent action sue to recover the value of the articles in an action of conversion.

Again, I am unable to agree with the opinion wherein it says:

"It does not appear that it would have been proper in said action for him [Scrivner] to have counterclaimed for the conversion of said property. He would have taken a most inconsistent position after having assailed the award as fraudulent to have claimed title to all the property under it."

This is for the reason that, unless prohibited by statute, inconsistent defenses may be united in one answer and the pleader cannot be compelled to elect between such defenses. Such has heretofore been the consistent rule announced by this court. Covington v. Fisher, 22 Okla. 207, 97 Pac. 615; Oklahoma Hay & Grain Co. v. Randall, 66 Oklahoma, 168 Pac. 1012; Metcalf v. Glaze, 70 Oklahoma, 173 Pac. 447; Emerson-Brantingham Imp. Co. v. Ware, 71 Oklahoma, 174 Pac. 1066; and Conwill v. Eldridge, 71 Oklahoma, 177 Pac. 79.

I am unable to agree with the court's discussion of the statute of limitations. The opinion cites section 4746, Rev. Laws 1910, and Stauffer v. Campbell, 30 Okla. 76, 118 Pac. 391, in its support. The statute provides only that a counterclaim or set-off shall not be barred by the statute of limitations until the claim of the plaintiff is so barred. It is indisputable that plaintiff's claim is made the subject of an independent action, not a set-off or counterclaim within the meaning of the statute. In Stauffer v. Campbell it was noted that the statute "is limited to causes of action barred by limitations when pleaded as a set-off or counterclaim." To the same effect is Advance Thresher Co. v. Doak, 36 Okla. 532, 129 Pac. 736, while in Delzell v. Couch, 70 Oklahoma, 173 Pac. 361, Commissioner Collier very properly said:

"That the bar of the statute is removed upon a cause of action that has been barred, only for one purpose, and that is that the same can be successfully pleaded as a set-off; that is to say, notwithstanding that at the time said set-off is pleaded it is barred as an original action, it may yet be successfully pleaded as a set-off."

Section 4664, Rev. Laws 1910, provides that—

"When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense, except as otherwise provided with reference to a counterclaim or set-off," referring obviously to section 4746.

This statute the opinion wholly overlooks.

The opinion takes no notice of, and is squarely in conflict with, Kibby v. Binion, 70 Oklahoma, 172 Pac. 1091, where a state of facts identical, so far as material, was before the court. In that case, Kubie, Heimann & Co. brought an action against C. F. Kibby under a written contract entered into between them in which Kibby answered and set up a counterclaim for damages for alleged fraud practiced upon him by Kubie, Heimann & Co. in causing him to enter into the contract. Kibby filed a counterclaim which was subsequently withdrawn without prejudice. The trial resulted in a judgment in favor of Kubie, Heimann & Co., which was affirmed on appeal. After the judgment was affirmed Kibby brought an action against Kubie, Heimann & Co. and Sheriff Binion, based upon substantially the same averments contained in his original counterclaim, and asked to have the collection of the judgment against him enjoined, to have his damages determined, and, when ascertained, to have the same set-off against the judgment in favor of Kubie, Heimann & Co. No excuse was pleaded or proved for the withdrawal of the counterclaim. It was held that Kibby, having purposely abstained from using in the trial in which the judgment was rendered his claim or set-off, voluntarily waived such defense, and that he could not make such set-off a basis of equitable relief, and that an injunction to restrain the collection of the judgment against him would not lie. The opinion, we think, correctly announces the rule of law applicable to such cases; for it is a well-recognized doctrine in equity that, when a party has a complete and adequate remedy at law and fails for any cause to rely on it in that forum, he will not be permitted to set it up in equity unless he was prevented by accident or under circumstances which he was unable to control. Laches on his part in failing to set up his rights in a court of law when called upon to do so will prevent him from obtaining relief in equity. Klinesmith v. Van Bramer, 104 Ill. App. 384, 389. The collection of a judgment will not be enjoined for any defense or right which could have been asserted in a court of law, unless the plaintiff can show that he was prevented by fraud or accident from maintaining his legal right and that the obstacle which prevented

him could not have been overcome or avoided by reasonable diligence or care on his part. Pomeroy's Eq. Jurisprudence, secs. 363 and 1364; Smith v. Allen, 63 Ill. 474; Harding v. Hawkins, 141 Ill. 572, 581, 31 N. E. 307, 33 Am. St. Rep. 347; Schroeppell v. Shaw, 3 N. Y. 446; Penny v. Martin, 4 Johns. Ch. 566; Vaughn v. Johnson et al., 9 N. J. Eq. 173; Forward v. H. & H. Canal Co., 22 Pick. (Mass.) 462; Shipp v. Wheeless, 33 Miss. 646; Gatlin v. Kilpatrick, 4 N. C. 147, 6 Am. Dec. 557; Young v. Dorsey, 2 Litt. (Ky.) 202; Holt's Executors v. Graham, 2 Bibb (Ky.) 192; Dalter v. Laue & Guye, 13 Iowa, 538 Also, the doctrine is quite generally recognized that equity will not enjoin a judgment on account of matters which might have been pleaded by way of set-off in the action in which the judgment was recovered, where the party neglected his opportunity in that respect, unless he shows a good and sufficient excuse for his neglect. 23 Cyc. 1021.

If, notwithstanding the averments of the second paragraph of plaintiff's petition, it should develop that plaintiff's action in conversion has not been heretofore adjudicated, or has been adjudicated only as to a part of the property, and if it is based on other than merely defensive matter, such as Scrivner would be precluded from urging except as a defense to McClelland's original action, it would seem that there is no legal barrier against Scrivner maintaining his action, in so far as legal relief is sought. But having had the opportunity of setting up, by way of counterclaim, his action for conversion against McClelland, it would not afford him the right to enjoin the collection of the judgment against him until the termination of his claim, or at all. If Scrivner's claim against McClelland is in fact not determined by the former judgment, of course he would have the right to bring an independent suit (unless barred by limitations) against McClelland, though it would seem that, not having pleaded as a counterclaim (if such it be) his present cause of action, he could have no recovery for costs. Section 4748, Rev. Laws 1910. Scrivner's right to maintain an action for conversion, unless barred by legal obstacles, such as mentioned, is one thing; his right to injunctional relief pending the action, when he had at one time a complete and adequate remedy at law, is quite another.

Entertaining these views, I am of the opinion that this court erred, pending the appeal, in granting an injunction; but, on the other hand, I am equally certain that the trial court erred in sustaining a general demurrer to plaintiff's petition. A rehearing should be granted.